132 N.J. Super. 67 (1975)
332 A.2d 220
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN J. HIGGINS. DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 9, 1974.
Decided January 17, 1975.
*68 Before Judges MICHELS, MORGAN and MILMED.
Mr. Seymour Chase, attorney for the appellant (Mr. John J. Dudas, Jr., on the brief).
Mr. Joseph C. Woodcock, Jr., Prosecutor of Bergen County, attorney for the respondent (Mr. Donald N. Cerefice, Assistant Prosecutor, of counsel; Mr. James Key, Jr., on the brief).
The opinion of the court was delivered by MILMED, J.S.C., Temporarily Assigned.
Defendant appeals from a judgment of the County Court finding him guilty of a violation of N.J.S.A. 39:4-50(b) (operating a motor vehicle while his ability to operate was impaired). He was fined $100 and costs, and his driver's license was revoked for a period of six months.
At about 1:20 in the morning of November 11, 1972, while operating his motor vehicle northbound on the Garden State Parkway, defendant was arrested by a State trooper and charged with a violation of N.J.S.A. 39:4-50(a) (operating a motor vehicle while under the influence of intoxicating liquor). He was tried in the Municipal Court of the Borough of Elmwood Park, found guilty of a violation of N.J.S.A. 39:4-50(b) (operating a motor vehicle while his ability to operate was impaired), fined $100 and costs, and his driver's license was revoked for a period of six months.
Defendant took an appeal to the Bergen County Court. Because of a malfunction of the sound recording machine used at the time of the hearing in the municipal court, the tapes could not be transcribed. Since no transcript was available, a plenary trial de novo without a jury was had *69 in the County Court as provided by R. 3:23-8(a). The charge on which defendant was tried was the one on which he had been found guilty by the municipal court, i.e., a violation of N.J.S.A. 39:4-50(b). Only one witness testified at the trial  the State trooper who made the arrest.
On this appeal from the judgment of the County Court defendant contends, as he did in effect before the County Court, that his "constitutional right not to be placed in jeopardy twice for the same offense was violated." He says that "To subject him to a second plenary trial for the same offense effectively deprives the defense of a meaningful cross-examination since the State's witnesses, already cross-examined at the first trial, can anticipate such in their direct examination." He also contends that the State did not sustain the burden of proving him guilty beyond a reasonable doubt.
We find no merit in either of the defendant's contentions. Here, because of a malfunction of the sound recording machine used, it was not possible to obtain a transcript of the proceedings in the municipal court. There is no claim that the malfunction occurred other than by accident. There was no verbatim record or sound recording made pursuant to R. 7:4-5 in the court from which the appeal was taken. Accordingly, the appeal was, by R. 3:23-8(a), required to "operate as an application for a plenary trial de novo without a jury" in the County Court.
While the rule designates the proceedings as a "trial de novo", the de novo review is appellate. State v. Lanish, 103 N.J. Super. 441, 444 (App. Div. 1968), aff'd o.b. 54 N.J. 93 (1969), City of Passaic v. Passaic County, 54 N.J. Super. 254, 259 (App. Div. 1959); R. 3:23-1. Defendant cannot prevail on his claim of double jeopardy. He was found guilty in the municipal court. It was he who appealed to the County Court seeking the appellate review contemplated by Rule 3:23. In the absence of a record of the trial in the municipal court, the review to which he was entitled and which he received was by trial de novo without *70 a jury on a charge of the "lesser offense" of which he was found guilty, i.e., operating a motor vehicle while his ability to operate was impaired. State v. Lanish, supra. Such trial de novo was for his benefit. State v. DeBonis, 58 N.J. 182, 188-189 (1971). The State did not in way attempt to "harass" or "oppress" him "by multiple prosecution or punishment for the same offense." See State v. Currie, 41 N.J. 531, 536 (1964). In the circumstances, there is no force whatever to defendant's claim of double jeopardy. See State v. Farmer, 48 N.J. 145 (1966), cert. den. 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335 (1967); Note, "Double Jeopardy: The Reprosecution Problem," 77 Harv. L. Rev. 1272,1274 (1964); 4 Blackstone, Commentaries 335-336 (Lewis ed. 1922) at 1725-1726.
The only testimony in the case was that of State Trooper Mueller. He testified that he was assigned to the Bloomfield Station on the Garden State Parkway; that at about 1:20 a.m. on November 11, 1972, he observed a motor vehicle, a "blue, carry-all type station wagon van combination, travelling northbound in the right-hand lane"; that he proceeded to follow the vehicle for about 2 miles, i.e., from about post number 156.5 to post number 158.5; that it was travelling at about 50 to 55 miles an hour; that he observed the driver "travelling from the right-hand lane, partially into the center lane and from the center lane right into the back-hand lane and from the right-hand lane partially onto the shoulder"; that "This took place several times"; that there were no other cars in the lanes in-involved in his driving; that he directed the driver over to the shoulder of the roadway; that when he approached the driver (defendant) and instructed him to produce his driver's license and registration, he "detected a strong odor of alcoholic beverage on his breath"; that "his manner of speaking was blurred and his eyes were bloodshot"; that when "he stepped from his vehicle * * * he had to hold on to prevent from falling"; that after what he "considered a lengthy amount of time" defendant produced his driver's *71 license; that defendant attempted to locate his vehicle registration, but was unsuccessful; that he asked the defendant if he had been drinking and the defendant told him that "he had a few beers"; that he had defendant walk heel to toe along the shoulder white line and that the defendant "deviated from the line slightly", and that at the police barracks he refused to take the breatholizer test.
There is ample evidence in the record to support the finding of guilt beyond a reasonable doubt.
The judgment of the County Court is affirmed.