134 N.J. Super. 463 (1975)
341 A.2d 689
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PEDRO RAMON TELADA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 28, 1975.
Decided June 10, 1975.
*464 Before Judges HALPERN, CRAHAY and WOOD.
Messrs. Hornstein & Hornstein, attorneys for appellant (Mr. J. Leonard Hornstein, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Steven Leonard Strelitz, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was charged in the Jersey City Municipal Court with the high misdemeanor of unlawfully possessing a stolen motor vehicle, in violation of N.J.S.A. 2A:139-3, an offense not within the municipal court's jurisdiction. Despite defendant's argument to the contrary, the municipal court's records indicate that the complaint was amended (R. 7:10-2) and he was convicted of being a disorderly person under N.J.S.A. 2A:170-38, an offense within the municipal court's jurisdiction. The latter statute proscribes the unlawful taking or using of any means of conveyance, or being an accessory thereto. This was not a case of the municipal court judge attempting to downgrade the original offense without the prosecutor's permission. See State v. States, 44 N.J. 285 (1965). Defendant *465 appealed to the County Court and sought a de novo hearing on the record below, as provided for under R. 3:23-8(a).
We note at the outset that the transcript of the municipal court hearing leaves much to be desired. Other than the notation on the complaint and the municipal court judge's finding of guilt, the record fails to reveal when or under what circumstances the original complaint was amended. However, a strong presumption arises from the notations on the original record that the amendment was made prior to the hearing and conviction. In addition, much of the transcript contains gaps concerning questions and answers  we have many notations in the transcript such as "inaudible," "obliterated," "machine turned off temporarily," "obliterated by Mr. Saportin speaking" and "obliterated by counsel speaking." In short, it would be pure speculation to review this inadequate record.
When the appeal came before the County Court judge he recognized the deficiencies in the record above outlined and stated, "I am still in a quandary exactly what the defendant was charged with. Therefore, I am going to reverse and remand this matter for a new trial * * *." By so doing, he erred.
The County Court's jurisdiction and power to hear appeals from the municipal court is circumscribed by R. 3:23-8. Section (e) of the rule permits the County Court judge to convict or acquit the defendant  no power is given, nor can it be implied that he has the inherent power, to reverse and remand for a new trial. Under the circumstances existing here, he should have utilized sections (a) and (c) of the rule and afforded defendant a plenary trial de novo, permitting both sides to produce their witnesses, and then determine the guilt or innocence of defendant. See State v. Higgins, 132 N.J. Super. 67 (App. Div. 1975). So too, if he deemed it essential, he could have amended the complaint to charge a violation of N.J.S.A. 2A:170-38. R. 3:23-8(c); State v. Joas, 34 N.J. 179, 188-189 (1961).
*466 The judgment below is reversed and the matter remanded to the Hudson County Court for a plenary hearing on the amended complaint charging a violation of N.J.S.A. 2A: 170-38.