278 N.J. Super. 19 (1994)
650 A.2d 360
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHRISTA HERMANNS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1994.
Decided December 2, 1994.
*21 Before Judges STERN, KEEFE and HUMPHREYS.
Mackenzie, Welt, Maher, North & Weeks, attorneys for appellant (Albert D. Barnes, of counsel and on the brief).
Robert W. Gluck, Middlesex County Prosecutor, attorney for respondent (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
Tried without counsel, defendant was found guilty in the South Plainfield Municipal Court of fifteen ordinance violations. The complaints charged defendant with having "a prohibited automobile," having an oversized fence and accumulating trash on her property. She was fined $200, together with $25 in costs, on each conviction, aggregating $3,375. On appeal to the Law Division, the defendant was again found guilty on eight of the fifteen complaints. The same fines and costs, totalling $1,800, were imposed.[1] Defendant now appeals to us and contends:

*22 POINT I THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
A. MUNICIPAL COURT IMPROPERLY FAILED TO CONSIDER APPOINTMENT OF COUNSEL TO THE INDIGENT DEFENDANT.
B. INDIGENT DEFENDANT WAS DENIED APPOINTED COUNSEL AT TRIAL DESPITE POTENTIAL FOR IMPRISONMENT AND SUBSTANTIAL FINES.
C. MUNICIPAL COURT FAILURE TO CONSIDER APPOINTMENT OF COUNSEL DEPRIVED INDIGENT DEFENDANT OF EFFECTIVE ASSISTANCE OF COUNSEL.
....
D. APPOINTMENT OF COUNSEL TO INDIGENT DEFENDANT ON SUPERIOR COURT DE NOVO REVIEW DID NOT CURE DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL BY MUNICIPAL COURT.
POINT II SUPERIOR COURT ERRED IN APPELLATE DE NOVO REVIEW IN DENYING MOTION TO SUPPLEMENT RECORD AND IN AFFIRMING MUNICIPAL COURT CONVICTIONS.
We reverse and remand for a new trial in the municipal court of the charges on which defendant was found guilty on trial de novo. We do so because she was deprived of her right to counsel in the municipal court. She may not, of course, be retried on the charges on which she was acquitted or found "not guilty" by the Law Division. See, e.g., State v. Barnes, 84 N.J. 362, 369, 420 A.2d 303 (1980); State v. McKelvey, 142 N.J. Super. 259, 260-1, 361 A.2d 96 (App.Div. 1976).
This was not defendant's first appearance before the municipal court. When defendant asked the municipal judge if her case could be dismissed because she did not "have an attorney" and because counsel assigned to her on a prior matter "wasn't assigned to represent" her on the current charges, the request was denied. The denial was premised on the prosecutor's oral report to the municipal judge that the Law Division had denied defendant's application for counsel on a prior unrelated appeal. The *23 judge told defendant, "[i]t's denied by the upper court, not by me. I'm denying it anyway." The judge did not advise defendant of her right to retain counsel if she could afford an attorney. Nor did he advise defendant of her right to make an application for the assignment of counsel, or to make a showing that she was then indigent. But see R. 3:27-2; R. 7:1; State v. Laurick, 120 N.J. 1, 7-8, 575 A.2d 1340 (1990); State v. Gonzalez, 114 N.J. 592, 608, n. 7, 556 A.2d 323 (1989); State v. VanRiper, 250 N.J. Super. 451, 456-7, 595 A.2d 516 (App.Div. 1991); State v. Carey, 230 N.J. Super. 402, 408-9, 553 A.2d 844 (App.Div. 1989).
After her municipal court conviction, the Law Division entered an order granting "defendant's motion to appeal as an Indigent," and assigning counsel. Middlesex County was directed to pay for production of the municipal court transcript. The record before us includes neither supporting nor opposing papers on the application for counsel. The order embodies a caption bearing the prosecutor's name, reveals that an assistant prosecutor appeared, and provides:
This matter having been presented to the Court by Christa Hermanns, defendant pro se, and Christopher L.C. Kuberiet, Assistant Prosecutor appearing on behalf of the State; and
The Court having heard and considered the papers submitted and for good cause shown;
It is on this 27 day of August, 1992; ORDERED that the defendant's motion to appeal as an Indigent is granted; and it is FURTHER ORDERED that [John J. Sullivan Jr. (247 1133) 251 Livingston Ave. New Brunswick NJ 08901] is assigned as counsel; and
It is FURTHER ORDERED that the County of Middlesex shall pay the cost of the Municipal Court transcript.[2]
Defendant's newly-assigned counsel moved before the Law Division "to supplement the record on appeal." The accompanying certification included the following:

*24 3. A review of the municipal court trial transcript indicates that appellant was convicted of three (3) separate offenses on five (5) consecutive days for alleged violations of the South Plainfield property maintenance code. Appellant was fined $200.00 and $25.00 costs on each offense for a total of $3,375.00.
4. In particular, appellant was found guilty of violating municipal ordinance 895-301.1 for the accumulation of rubbish, ordinance 801-509 for the maintenance of a fence over six (6) feet in height, and ordinance 1178 for having a prohibited vehicle on the property.
5. Ordinance 895-301.1 requires a property owner to maintain the exterior of the property free of rubbish or garbage. The appellant intends to supplement the record on this issue by presenting testimony of Mr. Juergen Hermanns to the effect that each item referred to as rubbish was covered, was not visible from the street and was intended for future use in and about the property. Furthermore, Mr. Hermanns will testify as to attempts made to remedy the alleged violation. This additional evidence will serve to place all relevant facts before the court to determine whether a violation occurred and, if so, the appropriate sentence.
6. Ordinance 801-509 prohibits a fence from exceeding six (6) feet in height. The appellant intends to supplement the record on this issue by describing the topography of their property, the nature and size of the fence and the date upon which the fence was erected, as well as to attempts made to remedy the alleged violation. This additional evidence will permit the court to determine whether the fence constitutes a valid pre-existing non-conforming use, and, if not, whether the height of the fence was actually in violation of the ordinance.
7. Ordinance 1178 prohibits the parking of uninsured, unregistered or uninspected motor vehicles on residential property, as well as motor vehicles in a state of disassembly or disrepair. The appellant intends to supplement the record as to the condition of the vehicle and to demonstrate that the vehicle merely needed a battery charge in order to be fully operable. In this manner the appellant will be able to demonstrate that the true condition of the vehicle, coupled with its historic designation, was not in violation of the ordinance.
Defendant asserted that R. 3:23-8(a) authorized such supplementation.
At oral argument before the Law Division, defense counsel emphasized that defendant assumed that she would be represented by "previously assigned counsel" in municipal court, that she was "unprepared to proceed" and was convicted "without counsel." Counsel urged that supplementation by the taking of her husband's testimony "would be directly relevant to oppose the language of the ordinance" on at least several of the charges. The judge, in denying the motion to supplement the record, concluded:
First of all, I'm satisfied even from the brief colloquy between [the municipal judge] and defendant that she was aware of what she was being tried on, that *25 apparently again I gather from brief colloquy that this has been an ongoing matter in South Plainfield before.
Also I'm not even sure the rule allows her to supplement the record because she believes that she didn't intelligently introduce enough evidence because the rule states that the Court may supplement the record and the testimony wherever the municipal court erred in excluding evidence offered by the defendant. Here it's not challenging the Court's error in excluding evidence, it's simply asking to include evidence not sought to have been admitted in the first place. So for those reasons the motion's denied.
The judge thereafter heard the municipal appeal and found defendant "not guilty" of all five "prohibited vehicle" charges, of one "rubbish" offense and of one "fence" complaint. The defendant was found guilty by the judge of the eight remaining charges. The same monetary sanctions were imposed on those charges, totalling $1,800. The Law Division judge indicated that he would consider "waiving" the monetary sanctions if defendant and her husband presented "a current affidavit of assets, liabilities, a copy of last year's income tax return and a copy of your most recent W-2," reflecting an inability to pay. The judge noted, however, that "[i]f I'm satisfied that you can afford [to make the payments] and you're deliberately flaunting the order of the Court then I'll consider other options and I think you know what they are." The record does not reflect that further proceedings were ever conducted.
We first consider whether defendant's application to supplement the record on trial de novo was properly denied. R. 3:23-8(a) provides:
(a) Plenary Hearing; Hearing on Record; Correction or Supplementation of Record; Transcript for Indigents. If a verbatim record or sound recording was made pursuant to R. 7:4-5 in the court from which the appeal is taken, the original transcript thereof duly certified as correct shall be filed by the clerk of the court below with the county clerk, and a certified copy served on the prosecuting attorney by the clerk of the court below within 20 days after the filing of the notice of appeal or within such extension of time as the court permits. In such cases the trial of the appeal shall be heard de novo on the record unless it shall appear that the rights of either party may be prejudiced by a substantially unintelligible record or that the rights of defendant were prejudiced below in which event the court to which the appeal has been taken may either reverse and remand for a new trial or conduct a plenary trial de novo without a jury. The Court shall provide the municipal court with reasons for the remand. The court may also supplement the *26 record and admit additional testimony whenever (1) the municipal court erred in excluding evidence offered by the defendant, (2) the state offers rebuttal evidence to discredit supplementary evidence admitted hereunder, or (3) the record being reviewed is partially unintelligible or defective. (Emphasis added.)
Because defense counsel only requested the court to "supplement" the record, the Law Division judge was technically correct in concluding that R. 3:23-8(a) does not expressly provide for "supplementation" in these circumstances. However, we read the record to reflect that defendant was requesting supplementation as a fast and fair way to adequately develop the record, even though she felt entitled to a plenary trial de novo due to the absence of trial counsel in the municipal court.
There can be no doubt that if defendant was entitled to assigned counsel in the municipal court, she would be entitled to a new trial. See State v. McCombs, 81 N.J. 373, 377-8, 408 A.2d 425 (1979) (reversal required when gap in representation at trial). See also State v. Abbondanzo, 201 N.J. Super. 181, 185 n. 1, 492 A.2d 1077 (App.Div. 1985) (assignment of counsel on the municipal appeal "does not cure the deficiency, since the second trial was de novo on the record  which precluded effective assistance of counsel at the prior critical stage of the proceedings"); State v. Lach, 213 N.J. Super. 466, 469-71, 517 A.2d 882 (App.Div. 1986) (new trial required where $2,350 in fines and one-day of incarceration imposed without assignment of counsel, if indigent, or advice of right to retain an attorney).[3] The 1977 amendments to R. 3:23-8 *27 expanded the ability to order plenary trials de novo and embodied the concept of supplementation, but supplementation was never considered an appropriate remedy when lengthy proceedings or a plenary new trial were otherwise required. To permit flexibility in conducting a plenary retrial, the ability to remand for a new trial in the municipal court was introduced by a 1983 amendment. See Pressler, Current N.J. Court Rules, R. 3:23-8 (1995 ed. at 748). See also State v. Telada, 134 N.J. Super. 463, 465, 341 A.2d 689 (App.Div. 1975) (describing pre-1977 practice).
The State argues that defendant was not entitled to a new trial because the record does not reflect that she was an indigent entitled to the assignment of counsel in municipal court. Specifically, it contends that because defendant did not supply us with the prior order of the Law Division, we "can not determine whether the Law Division erred when it refused to appoint counsel" (apparently referring to the prior municipal appeal). The State also suggests that "even if defendant was indigent" when she applied for counsel before us and executed an "affidavit of continued indigency, dated July 24, 1993,"  the only application or certification of indigency in the record  that "is not an indication that defendant was indigent on the day of trial." Certainly, a person may not be indigent at the time of trial, and can become indigent by the time of appeal. See In re Frank, 276 N.J. Super. 269, 647 A.2d 1337 (App.Div. 1994). However, the State's contention ignores that the Law Division found her indigent for purposes of the municipal appeal, that the State did not contest that determination, and that the State does not now seek to supplement the record with any evidence that a prior indigency application was, in fact, denied or that she was not indigent at the time of the municipal court proceedings. More significantly, the State did not argue before the Law Division that she was not indigent at the time she was denied counsel in the municipal court.
*28 The State further contends that, even if defendant was indigent, she was not entitled to the assignment of counsel because "defendant did not face, and surely did not suffer, a consequence of magnitude" within the meaning of Rodriguez v. Rosenblatt, 58 N.J. 281, 295, 277 A.2d 216 (1971), which announced the test for assignment of counsel to indigents charged with non-indictable offenses.[4]See also Madden v. Township of Delran, 126 N.J. 591, 601 A.2d 211 (1992). Writing for the Rodriguez Court, Justice Jacobs said:
The importance of counsel in an accusatorial system such as ours is well recognized. If the matter has any complexities the untrained defendant is in no position to defend himself and, even where there are no complexities, his lack of legal representation may place him at a disadvantage. The practicalities may necessitate the omission of a universal rule for the assignment of counsel to all indigent defendants and such omission may be tolerable in the multitude of petty municipal court cases which do not result in actual imprisonment or in other serious consequence such as the substantial loss of driving privileges. But, as a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost.

Our municipal court judges have had and continue to have broad discretion to assign free counsel to indigent defendants whenever justice so requires. That discretion may be exercised liberally under general guidelines without entailing the feared inundations. When the very charge and the attendant circumstances indicate that the indigent defendant will be in need of the assistance of assigned counsel, he should of course have it. Indeed, whenever the particular nature of the charge is such that imprisonment in fact or other consequence of magnitude is actually threatened or is a likelihood on conviction, the indigent defendant should have counsel assigned to him unless he chooses to proceed pro se with his plea of guilty or his defense at trial. In those rare instances where there is a plea or a trial proceeds without any tender or assignment of counsel and actual imprisonment or other consequence of magnitude looms appropriate to the municipal judge despite the preindications to the contrary, the defendant should be given the option of starting anew with suitable safeguards including, where necessary, trial before a substituted municipal judge.
[Rodriguez, supra, 58 N.J. at 295, 277 A.2d 216 (emphasis added).]
*29 Regardless of whether the municipal court initially thought a sentence of consequence or magnitude would ultimately be imposed, and assigned counsel would therefore be required, the amount of fines actually imposed certainly required that defendant be "given the option of starting anew." Ibid.
The State suggests that we focus on the $1,800 in fines and costs ultimately imposed by the Law Division, rather than on the municipal court sanctions, when deciding if defendant was improperly denied counsel. Specifically, the State argues:
In our view, the loss of a relatively small amount of money (and in this case the fines totaled only $1800) may be a consequence, but it is certainly not a consequence of magnitude. Indeed, if the minimal fines imposed in this case are deemed to be a consequence of magnitude, then in our view the important qualification enumerated in Rodriguez will be removed. After all, almost no fine is smaller than $200, and surely by limiting the magnitude of the consequence, the Court must have intended that some fines are simply too inconsequential to justify the appointment of counsel.[5]
The trial in this case resulted in multiple financial sanctions imposed on consolidated complaints, and we must look at the aggregate in these circumstances. We need not decide, for present purposes, whether the total penalty initially imposed by the municipal court or as ultimately sustained by the final disposition of the Law Division controls. It does not make a difference in these circumstances because aggregate monetary sanctions of $1,800 in a single proceeding gives rise to the right to counsel under Rodriguez.
*30 In considering whether a fine may constitute a consequence of magnitude, we recognize the limitations on a sentencing judge's authority to impose discretionary monetary sanctions on someone unable to pay, and the limitations on the court's power to incarcerate for non-willful inability to make the payments. But independent of the judicial obligation to impose fines or penalties where mandatory, installment payments can be required, liens and judgments can be entered, and even incarceration may be warranted in circumstances where other forms of punishment would be inadequate. See e.g., N.J.S.A. 2C:44-2; 2C:45-2c; 2C:46-1; 2C:46-2 regarding offenses (N.J.S.A. 2C:1-5b, 2C:1-14K) under the Code of Criminal Justice. See also, e.g., Bearden v. Georgia, 461 U.S. 660, 672-673, 103 S.Ct. 2064, 2072-3, 76 L.Ed.2d 221, 233 (1983) (revocation of probation and imprisonment justified for willful refusal to pay or upon finding that alternative forms of punishment are not adequate to satisfy the State's legitimate interests in punishment and deterrence); Tate v. Short, 401 U.S. 395, 398, 91 S.Ct. 668, 670, 28 L.Ed.2d 130, 133 (1971); State v. Newman, 132 N.J. 159, 171-2, 623 A.2d 1355 (1992); State in the Interest of D.G.W., 70 N.J. 488, 505, n. 4, 361 A.2d 513 (1976); State v. DeBonis, 58 N.J. 182, 199-200, 276 A.2d 137 (1971) (indigent must be afforded opportunity to pay fine in reasonable installments, but incarceration permitted "to achieve the needed penological objective" if none of the alternatives are warranted); Stroinski v. Office of the Public Defender, 134 N.J. Super. 21, 338 A.2d 202 (App.Div. 1975) (upholding Public Defender's statutory lien). Moreover, in this case, the Law Division judge expressly noted at sentencing that the municipality could "file a lien against the property," which was apparently subject to foreclosure proceedings. In the circumstances, therefore, the fines imposed constituted a consequence of magnitude. The assignment of counsel was therefore required.
*31 The convictions are reversed, and the matter is remanded to the Municipal Court of South Plainfield for further proceedings consistent with this opinion.[6]
NOTES
[1] The Law Division judgment provides that the judge "affirmed" the eight convictions "along with the assessment of fines of $200 as to each of the eight summonses and $25 of court costs as to each, making a total of $1,800.00." We need not consider whether the judge, in fact, made de novo findings and imposed a de novo sentence in light of our disposition. The judgment also provides that the convictions on the remaining seven complaints were "reversed."
[2] Because the appeal was from an ordinance violation, the municipality, not the county, should have been directed to pay for the cost of transcription. See R. 3:23-8(a).
[3] The State suggests that defendant may not have been indigent. In light of our disposition, we need not decide if she would be entitled to a plenary trial de novo, or new trial, because the municipal judge had not advised her, as a nonindigent, of her right to retain counsel, as required by R. 3:27-2. See e.g., Laurick, supra, 120 N.J. at 7-8, 575 A.2d 1340; VanRiper, supra, 250 N.J. Super. at 456-7, 595 A.2d 516. The State also argues that "[t]his defendant, like any other, cannot thwart the court system by refusing to obtain counsel on the one hand, and claiming an inability to proceed uncounseled on the other hand," citing State v. Crisafi, 128 N.J. 499, 517-8, 608 A.2d 317 (1992); State v. Slattery, 239 N.J. Super. 534, 542, 571 A.2d 1314 (App.Div. 1990). But this case does not involve the question of whether defendant adequately waived her right to counsel or was adequately advised regarding the dangers of self-representation. Like the defendant in McCombs, "self-representation was the last thing [the instant defendant] wanted and assistance of counsel was the first." McCombs, supra, 81 N.J. at 378, 408 A.2d 425.
[4] It is noteworthy that defendant would not be entitled to counsel under the federal constitution in this non-indictable case. See Scott v. Illinois, 440 U.S. 367, 373, 99 S.Ct. 1158, 59 L.Ed.2d 383, 389 (1979); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (defendant's Sixth Amendment right to appointed counsel in misdemeanor cases applies only to matters in which he or she is actually sentenced to imprisonment).
[5] The State also "suspect[s] ... that our Supreme Court would find the likelihood of a small fine alone insufficient to trigger the right to counsel," citing Matter of Daniels, 118 N.J. 51, 63, 570 A.2d 416 (1990), a summary contempt case. We need not detail the historic differences in the application of constitutional and other fundamental principles to summary contempt cases, as compared to other cases. Nor do we deal with the right to jury trial. We note that in State v. Hamm, 121 N.J. 109, 124, 577 A.2d 1259 (1990), our Supreme Court found that while the sanctions imposed for a third drunk driving violation, while a "consequence of magnitude" for Rodriguez purposes, did not give rise to the right to trial by jury.
[6] In concluding that defendant was entitled to the assignment of counsel as an indigent at the time of her initial trial in municipal court, we do not intend to preclude reconsideration of that issue as of the date of the new trial, particularly because defendant owns real property, although apparently in foreclosure. The municipal judge must be satisfied that defendant is indigent, see R. 3:27-2; R. 7:1. See the eligibility factors noted in N.J.S.A. 2A:158A-14 for Public Defender cases, and note the obligation of pro bono counsel flows from the non-funding of the Public Defender in Rodriguez cases. See N.J.S.A. 2A:158A-5.2; Madden v. Delran Tp., supra, 126 N.J. at 599, 601 A.2d 211.