655 A.2d 934

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
JAMES F. SHERIDAN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 15, 1995—Decided February 27, 1995.

Before Judges STERN and HUMPHREYS.

*James F. Sheridan*, appellant, filed a *pro se* brief.

*Dennis O'Leary,* Sussex County Prosecutor, attorney for respondent (*Thomas E. Bracken,* Assistant Prosecutor, of counsel and on the letter brief).

PER CURIAM.

Defendant was convicted in Municipal Court of driving while under the influence of alcohol ("DWI"), failing to wear a seat belt, driving with a revoked license and failing to take a breathalyzer test. The municipal court judge sentenced defendant to 180 days in the Sussex County jail, imposed a $1,000 fine and suspended his driving privileges for ten years for the DWI conviction. He was fined $35 on the seat belt violation, and the judge imposed a $500 fine and a consecutive two year loss of driving privileges for defendant's refusal to take the breathalyzer test. The judge further imposed a $750 fine, a six month license suspension and a five day jail sentence for driving while on the revoked list. Defendant's brief suggests that the five day sentence was consecutive because defendant received 185 days in jail. The municipal court, however, expressly made it concurrent. In any event, the custodial sentence was served before trial *de novo* in the Law Division.

It appears that these offenses constituted defendant's third DWI conviction, and his second conviction for driving while on the revoked list.

Defendant was again found guilty of all charges on trial *de novo.* The Law Division imposed the same sentences. No judgment of conviction from either court has been included in defendant's appendix.

We are told by the State that these convictions followed reversal in the Law Division of prior convictions for the same charges. The State advises that the reversal was ordered because defendant had not been advised of his right to retain counsel or to be assigned counsel as an indigent in the municipal court. He was thereafter assigned counsel at the new municipal court trial and on the municipal appeal following his conviction, although he now

writes he protested the assignment of counsel over his "inalienable rights." On the other hand, defendant also complains that he was not assigned counsel on this appeal before us. The State also seems to object to the non-assignment of counsel here.[1]

 Given both the custodial sentence and aggregate driver's license suspension, defendant was entitled to counsel as an indigent on the prosecution of these non-indictable charges in the municipal court and Law Division.[2] *See Rodriguez v. Rosenblatt,* 58 *N.J.* 281, 295, 277 *A.2d* 216 (1971). *See also State v. Hermanns,* 278 *N.J.Super.* 19, 29, 650 *A.2d* 360 (App.Div.1994). He was also entitled to counsel on appeal to us thereafter. *R.* 2:7–2(b), *R.* 2:7–4, and *R.* 3:27–2 combine to so require. Apparently the Law Division judge did not hold to the contrary; when defendant, through counsel, requested an attorney for this appeal, the judge merely said (and properly so under *R.* 3:27–2) that "the necessary application" had to be filed. Defendant nevertheless filed a *pro se* notice of appeal and brief in this court.

 We cannot presume waiver of the right to appellate counsel merely because defendant filed a *"pro se"* brief. *See e.g., Swenson v. Bosler,* 386 *U.S.* 258, 260, 87 *S.Ct.* 996, 997–98, 18 *L.Ed.2d* 33, 36 (1967) (where the United States Supreme Court held that "it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel"). This principle applies in this setting because the

---

[1] Some photocopied transcript covers of the municipal court proceedings note that defendant was *pro se,* although he did have counsel. We cannot tell from the non-sequential and confusing manner in which the xerox pages of the transcripts were provided to us exactly what happened and when. The State unsuccessfully moved to have us assign counsel to defendant on this appeal because defendant did not waive his right to counsel, did not comply with the court rules and wrote an incomprehensible brief.

[2] It is not suggested that defendant's service of the custodial sentence before the trial *de novo* mooted this right. In any event, a twelve year license suspension remains to be served.

custodial sentence gave rise to the right to counsel under the federal constitution, *see Argersinger v. Hamlin,* 407 *U.S.* 25, 34, 92 *S.Ct.* 2006, 2010, 32 *L.Ed.*2d 530, 536–37 (1972), and because we cannot presume under State law that defendant waived his State right to counsel. *See e.g., State v. Laurick,* 120 *N.J.* 1, 11–13, 575 *A.*2d 1340, *cert. denied,* 498 *U.S.* 967, 111 *S.Ct.* 429, 112 *L.Ed.*2d 413 (1990).

Counsel was appointed, consistent with *Rodriguez,* through the municipal appeal to the Law Division. In the absence of waiver of the right to counsel for this appeal, defendant is entitled to the continued assistance of counsel.

*R.* 3:27–2 provides that:

The representation of the defendant by counsel so assigned shall continue through trial and, in the event of a conviction, shall continue through sentencing and shall include advising the defendant with respect to his right to appeal, and, if he desires to appeal, the preparation and filing of the notice of appeal and of an application for the assignment of counsel on appeal, but shall not include representation thereafter on such appeal or on any subsequent application for post-conviction relief unless further assigned. Counsel shall, however, be responsible for prosecution of the appeal if he fails to file with the notice of appeal an application for the assignment of counsel on appeal.

This rule applies to appeals to this court following a trial *de novo* in the Law Division. *See R.* 2:7–2(b).

We remand for further proceedings consistent with the Rules. If defendant, in fact, waived his right to counsel on this appeal, the Law Division should so advise us within sixty days, stating reasons for that conclusion with documentation of record. If counsel is to be assigned by the Law Division pursuant to *R.* 2:7–2(b) and *R.* 3:27–2, that counsel is directed to file defendant's appellate brief within forty-five days of assignment. The Clerk of this court should be advised of the assignment when made. The State may apply to file a further brief if it so desires following receipt of any additional brief from defendant.

We retain jurisdiction.