20 A.3d 437 (2011)
420 N.J. Super. 207
STATE of New Jersey, Plaintiff-Respondent,
v.
Edward J. MIERZWA, Defendant-Appellant.
No. A-3455-09T2
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 2011.
Decided June 3, 2011.
Peckar & Abramson, P.C., attorneys for appellant (Richard L. Abramson, River Edge, on the brief).
John L. Molinelli, Bergen County Prosecutor, attorney for respondent (Annmarie Cozzi, Senior Assistant Prosecutor, of counsel and on the brief).
Before Judges CARCHMAN, GRAVES and MESSANO.
The opinion of the court was delivered by
*438 GRAVES, J.A.D.
Following a trial de novo in the Law Division, defendant Edward Mierzwa appeals from an order entered on March 15, 2010, finding him guilty of resisting arrest, disorderly conduct, failure to obtain dog licenses, and five harassment charges. The harassment charges were signed by James and Diane Gaffney, who lived next door to defendant.[1]
Defendant raises the following points on appeal:
POINT I
THE BERGEN VICINAGE II MUNICIPAL COURT WAS OBLIGATED TO PROVIDE DEFENDANT WITH THE ASSISTANCE OF COUNSEL AND ITS FAILURE TO DO SO IS REVERSIBLE ERROR AS IS THE LAW DIVISION'S FAILURE TO SO FIND IN THE MUNICIPAL APPEAL.
POINT II
THIS COURT SHOULD EXERCISE ITS INHERENT POWERS TO DISMISS ALL OF THE CHARGES AGAINST DEFENDANT.
POINT III
DEFENDANT IS ENTITLED TO THE DISMISSAL OF THE CHARGES AGAINST HIM ON THE MERITS.
A. THE STATE DID NOT PROVE BY COMPETENT EVIDENCE BEYOND A REASONABLE DOUBT THAT DEFENDANT WAS GUILTY OF RESISTING ARREST AS CHARGED IN SUMMONS NO. S-2005-000508.
B. DEFENDANT IS ENTITLED TO THE DISMISSAL OF THE COMPLAINT FOR DISORDERLY CONDUCT SET FORTH IN GARFIELD MUNICIPAL COURT SUMMONS NO. S-2005-000507.
C. THE EVIDENCE PRESENTED AT THE SECOND MUNICIPAL COURT TRIAL IS INSUFFICIENT TO PROVE HARASSMENT BEYOND A REASONABLE DOUBT AS ALLEGED IN COMPLAINT NOS. SC-2006-000183, S-2006-000416, SC-0005383, S-2006-000202 AND SC-5185.
After considering these arguments in light of the record and the applicable law, we conclude that defendant was entitled to be represented by assigned counsel when the case was tried in the Garfield Municipal Court. Accordingly, the order entered by the Law Division is reversed and the matter is remanded to the municipal court for a new trial.
This case was first tried in the Garfield Municipal Court on July 27, 2006. Notwithstanding a Law Division order dated March 31, 2006, which allowed defendant to proceed as an indigent in an unrelated matter, he was not represented by assigned counsel in the municipal court proceeding, and he was convicted of six charges. The municipal court judge sentenced defendant to sixty days in jail, significant fines, and two years of probation.
Defendant filed a notice of appeal and, on September 11, 2006, the Law Division ordered that he be provided with the transcript of the municipal court trial at public expense because he was "indigent and unable to bear the cost." However, counsel was not appointed to represent defendant in the Law Division. After a de novo review, defendant was convicted of three harassment charges, fined, and sentenced to probation on February 9, 2007.
Defendant filed a timely notice of appeal with this court, and we granted his motion *439 to proceed as an indigent and to be assigned counsel. Our order, entered on April 10, 2007, provided as follows:
Although defendant did not receive a custodial decision in the Law Division, he received a 60-day sentence in municipal court. Therefore, as the Law Division order of September 11, 2006 found him to be indigent, the Law Division should have assigned counsel.... See, e.g., Rodriquez [Rodriguez] v. Rosenblatt, 58 N.J. 281 [277 A.2d 216] (1971). Accordingly, the Clerk shall arrange for the assignment of counsel and free transcripts, if necessary, on the appeal from the convictions in the Law Division. A motion for summary disposition and remand for a new trial in the municipal court or on trial de novo is invited. See Rodriquez [Rodriguez] v. Rosenblatt, supra.

On July 3, 2007, the Law Division ordered that "counsel be assigned to represent the Defendant-Appellant at public expense." Less than a week later, on July 9, 2007, the Law Division further ordered that "the matter [be] remanded for a new trial in the Garfield Municipal Court and the court administrator shall arrange for the assignment of counsel." We then dismissed defendant's appeal as moot.
Nearly a year-and-a-half later, on February 18, 2009, the Bergen County Municipal Division Manager sent defendant a letter stating that the Garfield Municipal Court had scheduled a new trial and that a municipal public defender had been appointed to represent him. Nevertheless, at a Garfield Municipal Court case management conference on July 2, 2009, defendant was questioned about his financial ability to pay for a private attorney:
THE COURT: ... [A]re you going to retain a private attorney or are you going to apply for a public defender?
THE DEFENDANT: I was promised... representation....
. . . .
THE COURT: ... You only get a public defender if financially you're incapable of paying for your own attorney. Do you feel that you're in that position?
THE DEFENDANT: Yes, I am, your Honor.
THE COURT: All right. We're going to give you a form in a little while. And I'm going to have you fill it out ... [a]nd I'm going to see whether you qualify financially. If you do, I'll assign a public defender to represent you.
On a "Financial Questionnaire to Establish Indigency," defendant listed his 2009 annual income as $2700, and his wife's as $50,000. The municipal court judge determined that both incomes should be combined, reasoning as follows: "[U]nfortuantely, the law imputes your wife's income to your income as well. You're each responsible for each other's support. And she's responsible for contributing to your support, just as you're responsible for contributing to her support." As a result, the court found that the "family income" "exceed[ed] the threshold for qualifying for a [municipal] public defender." See N.J.S.A. 2B:24-9. Thus, defendant again proceeded to trial without counsel.
The second municipal court trial occurred on August 27, September 3, and September 10, 2009.[2] Defendant was found guilty of eight charges: five charges of harassment, resisting arrest, disorderly conduct, and failure to license dogs. Defendant was ordered to pay fines, court *440 costs, and other monetary penalties in the amount of $3314.
Defendant filed a notice of appeal with the Law Division on September 15, 2009. In an order dated October 6, 2009, a Law Division judge found that defendant was indigent, waived the filing fee, and ordered Bergen County to pay the cost of the transcripts. Additionally, counsel was assigned to represent defendant on the appeal.
Following oral argument, the Law Division rendered a written decision on March 15, 2010. Defendant was found guilty of the same eight offenses and the court imposed the same fines, penalties, and court costs as the municipal court. Although assigned counsel argued that defendant "was unduly prejudiced on the municipal level by being forced to proceed to trial without the benefit of counsel," the Law Division rejected the argument.
Defendant appealed to this court and, on April 26, 2010, we granted his motion to "proceed as an indigent, for transcripts and for assignment of counsel." Our order also noted that "[t]he aggregate of fines and penalties" constituted a consequence of magnitude under the Rodriguez guidelines.
Defendant now contends the municipal court violated "the law of the case" because "he had already been granted indigency status on several occasions." The "`[l]aw of the case' [doctrine] most commonly applies to the binding nature of appellate decisions upon a trial court if the matter is remanded for further proceedings, or upon a different appellate panel which may be asked to reconsider the same issue in a subsequent appeal." State v. Hale, 127 N.J.Super. 407, 410, 317 A.2d 731 (App.Div.1974); see also Pressler & Verniero, Current N.J. Court Rules, comment 4 on R. 1:36-3 (2011) ("Clearly, when an appellate court has decided an issue, its decision, even if not final in terms of the controversy, establishes the law of the case.").
In the present matter, the Garfield Municipal Court determined that defendant did not meet the indigency income threshold and declined to appoint a municipal public defender on July 2, 2009. However, orders had been previously entered by this court, as well as the Law Division, which explicitly found that defendant was indigent and entitled to the assignment of counsel. Additionally, the Bergen County Municipal Division Manager confirmed that counsel had, in fact, been assigned to represent defendant. Under these circumstances, the law of the case required the Garfield Municipal Court judge to provide defendant with assigned counsel at his second municipal court trial.
Furthermore, our independent review of the record confirms that defendant was improperly denied appointed counsel. Pursuant to Rule 7:3-2(b), "[i]f the [municipal] court is satisfied that the defendant is indigent and ... faces a consequence of magnitude or is otherwise constitutionally or by law entitled to counsel, the court shall assign the municipal public defender to represent the defendant." See also Rodriguez v. Rosenblatt, supra, 58 N.J. at 295, 277 A.2d 216 ("[A]s a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost.").
"Indigency" is "determined by the municipal court on the basis of the need of the defendant." N.J.S.A. 2B:24-9. Pursuant to N.J.S.A. 2A:158A-14, need is measured according to:

*441 a. The financial ability of the defendant to engage and compensate competent private counsel;
b. The current employment, salary and income of the defendant including prospects for continued employment if admitted to bail;
c. The liquid assets of the defendant, including all real and personal property and bank accounts;
d. The ability of the defendant to make bail and the source of bail posted;
e. Where appropriate the willingness and ability of the defendant's immediate family, friends or employer to assist the defendant in meeting defense costs;

f. Where appropriate an assessment of the probable and reasonable costs of providing a private defense, based upon the status of the defendant, the nature and extent of the charges and the likely issues;
g. Where appropriate, the ability of the defendant to demonstrate convincingly that he has consulted at least three private attorneys, none of whom would accept the case for a fee within his ability to pay; and
h. The ability of the defendant to provide all other necessary expenses of representation.
[(Emphasis added).]
Thus, a municipal court must first consider the financial wherewithal of the defendant. Additionally, in appropriate circumstances, the court may consider a spouse's "willingness and ability" to assist "in meeting defense costs." N.J.S.A. 2A:158A-14(e). That did not happen here. Rather, the court "imputed" to defendant his wife's income without any assessment of her "willingness" to contribute to her husband's legal costs. Consequently, we conclude that defendant was eligible for indigent defense services based on his annual income of $2700.
Moreover, the imposition of monetary sanctions in the sum of $3314 confirms that defendant was facing a consequence of magnitude. See Guidelines for Determination of Consequence of Magnitude, Pressler & Verniero, Current N.J. Court Rules, Appendix to R. 7:3-2 at 2355 (2011) (stating that "[a]ny monetary sanction imposed by the court of $750 or greater in the aggregate" establishes a consequence of magnitude); see also State v. Hermanns, 278 N.J.Super. 19, 29, 650 A.2d 360 (App. Div.1994) ("[A]ggregate monetary sanctions of $1,800 in a single proceeding gives rise to the right to counsel under Rodriguez.").
"The right to be heard [in court] would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." Powell v. Alabama, 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170 (1932). Accordingly, the Law Division's March 15, 2010 order is reversed, and the matter is remanded to the municipal court for a new trial. Defendant shall be entitled to representation by assigned counsel at the remand trial. In view of this disposition, there is no need to address defendant's remaining arguments.
Reversed and remanded for a new trial.
NOTES
[1] There is no dispute that defendant moved in 2008.
[2] The second trial consisted of three categories of complaints: (1) two complaints that had been adjourned in the first trial; (2) the six complaints that defendant was found guilty of in the first trial; and (3) seven new complaints filed subsequent to the first trial.