**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0330-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

K.W.A.,[1]

      Defendant-Appellant.

_____

> Argued October 11, 2018 – Decided October 23, 2018
>
> Before Judges Koblitz, Currier and Mayer.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 010-08-17.
>
> Kenneth M. Ralph argued the cause for appellant (Bruno & Ferraro, attorneys; Kenneth M. Ralph, of counsel and on the brief).
>
> William P. Miller, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for respondent (Dennis Calo, Acting Bergen County

---

[1] We use initials to protect the identity of the purported victim of domestic violence. R. 1:38-3(c)(12).

Prosecutor, attorney; William P. Miller, of counsel and on the brief).

PER CURIAM

Defendant K.W.A. appeals from the September 5, 2017 Law Division order denying de novo his petition for post-conviction relief (PCR), filed pursuant to Rule 7:10-2(c)(1). Defendant pled guilty in municipal court without counsel to the disorderly persons offense of domestic-violence-related simple assault, N.J.S.A. 2C:12-1(a)(1).[2] The court imposed a $500 fine, $33 in court costs and other mandatory financial penalties. Later, defendant discovered that the State was seeking to forfeit his gun and firearms purchaser identification card permit.[3] Because the municipal court judge failed to ensure that defendant knowingly and intelligently waived his right to counsel, we reverse.

Eight days after his arrest for domestic violence assault, on December 1, 2016, defendant appeared in Ridgewood Municipal Court for the first time.

---

[2] N.J.S.A. 2C:12-(1)(a) reads: "Simple assault. A person is guilty of assault if he:
(1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another"

[3] The purported victim did not appear on the return date of the domestic violence cross-complaints, which were dismissed five days after defendant pled guilty in municipal court.

Defendant was not given the first appearance information, as required by Rule 7:3-2. Rule 7:3-2(a) states that at a first appearance:

> The judge shall inform the defendant of the right to retain counsel or, if indigent, to have counsel assigned pursuant to paragraph (b) of this rule. The defendant shall be specifically asked whether legal representation is desired and defendant's response shall be recorded on the complaint.

Without any on-the-record explanation of his right to counsel, and before being informed of the possible sanctions, defendant told the municipal court that he wished to waive his right to counsel. The total exchange regarding waiver of counsel was the judge's inquiry: "Mr. A[], you don't have an attorney. Are you waiving your right to have an attorney today?" to which defendant said, "Yes sir." After this exchange, the municipal judge explained what rights defendant was giving up by pleading guilty.

With regard to the waiver of counsel prior to trial, Rule 7:8-10 states:

> In all cases other than parking cases, a request by a defendant to proceed to trial without an attorney shall not be granted until the judge is satisfied from an inquiry on the record that the defendant has knowingly and voluntarily waived the right to counsel following an explanation by the judge of the range of penal consequences and an advisement that the defendant may have defenses and that there are dangers and disadvantages inherent in defending oneself.
>
> [Emphasis added.]

The judge accepted the waiver of counsel before explaining the "range of penal consequences" and never advised defendant that he "may have defenses and that there are dangers and disadvantages inherent in defending oneself." Ibid. Rule 7:6-2(a)(1) requires, "Prior to accepting a guilty plea when an unrepresented defendant faces a consequence of magnitude, the judge shall make a finding on the record that the court is satisfied that the defendant's waiver of the right to counsel is knowing and intelligent." In State v. Abbondanzo, we stated, when reversing a municipal conviction: "A searching and painstaking inquiry must be made by a trial judge before he [or she] can conclude there has been an intelligent and competent waiver of counsel." 201 N.J. Super. 181, 184 (App. Div. 1985). "When the trial court analyzes a defendant's responses to its examination, it should 'indulge [in] every reasonable presumption against waiver.'" State v. King, 210 N.J. 2, 19 (2012) (quoting State v. Gallagher, 274 N.J.Super. 285, 295 (App.Div.1994)). Such a searching inquiry did not happen here.

When defendant first filed his PCR petition in municipal court on February 27, 2017, only three months after the guilty plea, the prosecutor certified that defendant, in his discussion with her prior to his guilty plea, represented that "as long as the penalty for the assault charge was just a fine, he

wished to proceed without counsel."  She certified she told "court personnel" what defendant had told her and did not participate in the court hearing.  She thus did not place a plea agreement on the record, as would be required if defendant entered into such an agreement.  R. 7:6-2(d).

With neither defense counsel nor the prosecutor participating, defendant's factual basis was somewhat tentative.

> Defendant:  Well I did pull her out of the car, but from pulling her out of the car when she tripped, it lunged me forward with her, which caused her to hit her head on the car.
>
> The judge:  Well, you put the whole motion in progress—
>
> Defendant:  Correct—
>
> The judge:  —is that right?
>
> Defendant:  Yes sir.
>
> The judge:  Did you grab her?
>
> Defendant:  Yes sir.  That's why I'm pleading guilty.
>
> The judge:  You know, did you grab her inappropriately sir?
>
> Defendant:  Yes sir.  That's why I'm pleading guilty.
>
> The judge:  Did you pull her from the front seat of her vehicle?

A-0330-17T3

Defendant: Yes sir.

The judge: All right, and you assaulted her as you were doing that; is that right?

Defendant: Yes sir.

The judge then said:

> I accept the guilty plea. I believe that are you (sic) entering the plea knowingly and intelligently. Has (sic) waived your right for counsel. You've waived your right for a trial. Is there anything you want to tell me before I impose a penalty?

The purported victim then told the judge that she did not want defendant to "get into trouble" and that they were both at fault. Although at the scene the purported victim claimed defendant had slapped her, the police report reflects that defendant showed the police a security videotape that confirmed his version of the interaction.

Defendant did not appeal directly from his conviction and the State argues, pursuant to Rule 3:22-3, that his complaint of deprivation of counsel could have been raised on direct appeal and therefore should not be considered as a basis for PCR. The application of Rule 3:22-3, however, "is not an inflexible command." State v. Franklin, 184 N.J. 516, 528 (2005). Courts may consider procedurally non-compliant petitions for PCR. When the "constitutional problem presented is of sufficient import to call for relaxation of the rules we

A-0330-17T3

may consider the question on its merits."  Ibid. (quoting State v. Johns, 111 N.J. Super. 574, 576 (App. Div. 1970)).  To penalize defendant for not filing a direct appeal when he was deprived of his constitutional right to legal counsel would be unduly harsh, especially when defendant filed his PCR application only three months after the guilty plea.  Defendant's right to counsel when facing consequences of magnitude is fundamental.  U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10; State v. Rodriguez, 58 N.J. 281, 295 (1971); State v. Hermanns, 278 N.J.Super. 19, 29-30 (App.Div.1994) (finding a fine is a consequence of magnitude triggering the right to counsel); R. 7:3-2.

"Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  State v. Locurto, 157 N.J. 463, 474 (1999).  This issue, however, is not a matter of the credibility of a witness.  The municipal court found at the  PCR argument that, based on the record, defendant waived the right to counsel "knowingly and intelligently."  The Law Division found de novo, based on the transcript of the municipal proceedings, that defendant "knowingly and voluntarily waived his right to counsel . . . ."

We are bound to uphold the Law Division's findings if supported by sufficient credible evidence in the record. State v. Reece, 222 N.J. 154, 166 (2015). "Occasionally, however, a trial court's findings may be so clearly mistaken 'that the interests of justice demand intervention and correction.'" State v. Kuropchak, 221 N.J. 368, 383 (2015) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). And "a reviewing court owes no deference to the trial court in deciding matters of law." State v. Mann, 203 N.J. 328, 337 (2010).

Defendant gave up his right to counsel before the possible sanctions were explained to him on the record, and without a discussion of the benefits of counsel, or his right to appointed counsel if indigent. Because the record does not support the finding that defendant, facing consequences of magnitude, knowingly and voluntarily waived his right to counsel in municipal court, we reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION