[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 373 
The defendant, Nicholas Dinallo, appeals from a judgment entered against him for $1,718.85 after trial in the Bergen County Court. The plaintiffs instituted suit alleging that the defendant, as agent of the plaintiffs, negotiated with the owner of certain premises in Hasbrouck Heights to obtain the same at the lowest price for which the owner would sell; that the defendant represented to plaintiffs that the lowest price acceptable to the owner was $2,500 which plaintiffs paid to the defendant and took title; that thereafter plaintiffs learned that the defendant paid to the owner the sum of $977.75 and retained as a secret profit the sum of $1,522.25. The defendant filed an answer denying the allegations of the complaint, as summarized, and set up some ten separate defenses. Among other things the defenses alleged that Alvin Construction Company, of which defendant was president, was the owner of the land; that the plaintiff. Florent Dumont, knew that the defendant was president of the corporation and that title to the property was vested in one Conover on behalf of the construction company; that defendant was not the agent of the plaintiffs and that the plaintiffs had executed a release to Alvin Construction Company from all claims and that it was the intent of the parties that the release should cover, among other things, a settlement of any controversy as to the purchase price of the premises in Hasbrouck Heights. *Page 374 
Defendant sets forth three grounds for a reversal of the judgment, the first being directed to certain remarks of the trial court which it is said created a hostility in the minds of the jury against the defendant. Our examination of the record leads us to the belief that they did not injuriously affect the substantial rights of the defendant. Rule 1:2-20.
In the course of its charge, the court said: "Now, it may be, when you come to construe the entire evidence, of some importance that the defendant was the president of the Alvin Construction Co., but the building operation really has nothing at all to do with this case. It simply tends to confuse the real issue. The real issue as I see the case is did the defendant undertake to act as the agent of the plaintiffs, in the purchase of this property, or was he acting on his own behalf, as he had a right to do, when he purchased and sold the property?" To this portion of the charge the defendant's counsel excepted in the following language: "I would like to except to that part of your Honor's charge where you said that the fact that the defendant was president of the Alvin Construction Company is of no importance; on the plaintiff's case you said that. I except on the grounds that that is a matter for the jury to consider in determining the association between the plaintiffs and the defendant and the Alvin Construction Company." It is argued that this ground of appeal is not available because no request to charge was submitted to the judge as required by Rule 3:51, and in the absence of such written request to charge, defendant could not avail himself of the alleged error as a ground of appeal. UnderRule 3:51 when the court's charge contains an error of law, all that the rule requires is that the matter objected to be distinctly stated and the grounds for the objection. There is no merit in the argument that a written request had to be submitted. The charge that "the building operation really has nothing at all to do with the case. It simply tends to confuse the real issue" was erroneous in that it instructed the jury to disregard an element which, had the jury taken it into consideration, may or may not have established a defense. We do not pass upon that question. *Page 375 
One of the issues in the case was whether or not there had been a prior settlement between the parties which included any dispute as to the purchase price of the property. At the trial, the defendant offered in evidence a letter written by the attorneys of the plaintiff to the attorney of defendant. It was written in the matter of "Alvin Construction Co. v. Dumont" and the first paragraph read as follows: "This letter is written in an effort to negotiate the litigation presently pending between our respective clients and therefore is, of course, without prejudice to their rights." Plaintiffs argue that the letter was inadmissible because it was written "without prejudice." The letter is dated "25 November 1947" which was prior to institution of the present suit, and obviously the phrase "to negotiate the litigation presently pending between our respective clients" could not refer to the present suit because it had not then been started. The fact that the letter written by the plaintiffs' attorneys in the prior litigation was written "without prejudice to their rights" made it inadmissible in the prior suit. When the letter was written, the writer was the agent of the plaintiff in the prior suit and as such his admissions might be used against his client if made in the management of the litigation, except for the fact that it was "without prejudice to their rights." Here it is sought to use it against the client in a litigation which was not commenced at the time the letter was written. The writer at that time could not have been the agent of the client in the management of a non-existent litigation and it follows that the letter was inadmissible. See Wigmore, Vol. 4, §§ 1061, 1063.
It is next argued that the court erred in sustaining an objection to the following questions addressed to the plaintiff, Florent Dumont: "Q. * * * Well, did Mr. Winne tell you before March 30, 1948, that the Alvin Construction Company was prepared to return to you the $2,500?" "Q. Now, during your negotiations with the Alvin Construction Company didn't you discuss through your lawyer the proposition that the Alvin Construction Company would return to you the moneys you paid, including the payment on the land?" *Page 376 
Respondent on this appeal urges that the objection to these questions was properly sustained because to answer them would violate the privileged communications between client and attorney. Suffice it to say that no claim of privilege was made by the client and in the absence thereof the questions were unobjectionable.
For the reasons stated, the judgment is reversed and the cause remanded for retrial.