Plaintiff's complaint is dismissed for lack of jurisdiction.

■■ We are in accord with Judge Sween's conclusion that a cooperative is a unique form of property ownership and the relationship between the association and a cooperator-shareholder is not that of landlord and tenant for the purpose of a summary dispossess action. Further, as this case involves a jurisdictional issue, our review and affirmance is not precluded by virtue of *N.J.S.A.* 2A:18–59. The dismissal of the complaint is affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH ABBONDANZO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 23, 1985—Decided May 13, 1985.

Before Judges ANTELL, J.H. COLEMAN and SIMPSON.

*Joseph Mezzacca, Jr.*, argued the cause for appellant (*Joseph Mezzacca, Jr.*, of counsel and on the brief; and *Richard T. Corbett*, on the brief).

*Denise H. Pappas*, Assistant Prosecutor, argued the cause for respondent (*Lee S. Trumbull*, Morris County Prosecutor; *Denise H. Pappas*, on the letter brief).

The opinion of the court was delivered by

SIMPSON, J.A.D.

Defendant appeals his conviction and jail sentence for the disorderly persons offense of lewdness (*N.J.S.A.* 2C:14-4). The complaint charged him with exposing his genitals on May 1, 1983 in Florham Park before two 13 year old nonconsenting females for the purpose of arousing or gratifying sexual desire.

A person convicted of a disorderly persons offense may be sentenced to imprisonment for a definite term not exceeding 6 months, pursuant to *N.J.S.A.* 2C:43–8. Without counsel and without being advised of the incarceration exposure, defendant pleaded not guilty on July 11, 1983 in Florham Park Municipal Court. At the trial on September 19, 1983 he represented himself, was found guilty, and was sentenced to 60 days in the county jail. A September 30, 1983 order of the Assignment Judge found defendant to be indigent and provided assigned counsel for his appeal to the Superior Court. At the December 2, 1983 trial *de novo* on the record, he was again found guilty and sentenced to 60 days in jail. A subsequent motion for a new trial was denied, but on July 19, 1984 defendant was resentenced to 30 days in jail with credit for 4 days served before he was released on bail pending appeal.

No detailed review of the evidence or facts is required and we do not reach several issues arising from alleged error below, since we believe that the judgment of conviction must be reversed and the jail sentence vacated. Our careful review of the record satisfies us that defendant did not knowingly and intelligently waive his Sixth Amendment right to counsel at the trial before the municipal court. *Argersinger v. Hamlin,* 407 *U.S.* 25, 92 *S.Ct.* 2006, 32 *L.Ed.*2d 530 (1972); *Rodriguez v. Rosenblatt,* 58 *N.J.* 281 (1971). The importance of the effective assistance of counsel, guaranteed as well by Article 1, paragraph 10 of the New Jersey Constitution, has been aptly stated by Justice Pashman for our New Jersey Supreme Court in *State v. Sugar,* 84 *N.J.* 1, 15–17 (1980), and the required strong evidence of, and presumption against, waiver were noted in *State v. Fusco,* 93 *N.J.* 578, 591 (1983). A searching and painstaking inquiry must be made by a trial judge before he can conclude there has been an intelligent and competent waiver of counsel. *United States v. Welty,* 674 *F.*2d 185 (3 Cir. 1982).

■ Before a judge may accept a guilty plea, *R.* 3:9–2 and *R.* 7:4–2(b) require that a defendant understand "the consequences of the plea." No less should be required before a waiver of counsel is determined and a trial proceeds when a *pro se* defendant may be jailed following conviction. The "range of allowable punishments" under a charge to which an accused pleads guilty must be explained to a defendant by a judge. *Von Moltke v. Gillies*, 332 *U.S.* 708, 724, 68 *S.Ct.* 316, 323, 92 *L.Ed.* 309, 321 (1948) (plurality opinion). We hold that prior to or at the trial of any criminal case where a jail sentence may follow a conviction, the judge must first advise a *pro se* defendant of such incarceration exposure before determining there has been an effective waiver of counsel.[1] Since the defendant in this case was not so advised, the conviction cannot stand.

Reversed and remanded for a new trial.

J.H. COLEMAN, J.A.D., concurring.

I fully concur with my colleagues to reverse the uncounseled conviction which required 30 days of incarceration of defendant who did not waive his right to counsel. I write separately because I fear that the majority opinion will be construed as extending the requirement of counsel in nonindictable offenses beyond the rule of law established in *Argersinger v. Hamlin*, 407 *U.S.* 25, 92 *S.Ct.* 2006, 32 *L.Ed.*2d 530 (1972), *Rodriguez v. Rosenblatt*, 58 *N.J.* 281, 295 (1971) and *R.* 3:27–2. Hence, I would reverse the conviction based on the existing law.

---

[1]We add, of course, that provision of counsel on the appeal of the municipal court conviction to the Superior Court does not cure the deficiency, since the second trial was *de novo on the record* —which precluded effective assistance of counsel at the prior critical stage of the proceedings. *State v. Sugar, supra,* 84 *N.J.* at 16.