213 N.J. Super. 466 (1986)
517 A.2d 882
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
STANLEY LACH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 15, 1986.
Decided November 6, 1986.
*467 Before Judges MICHELS and LANDAU.
Richard E. Honig, Sussex County Prosecutor, attorney for appellant (Vincent J. Connors, Jr., Assistant Prosecutor, on the brief).
No brief was filed by respondent.
*468 PER CURIAM.
The State here appeals an order of the Law Division which dismissed two municipal summonses for operating a motor vehicle while on the suspended list, on grounds that the trial court failed to provide the defendant with the opportunity to apply for court-appointed counsel based on a showing of indigency.
Defendant, Stanley Lach (Lach) appeared pro se throughout the convoluted procedural history of these cases. Although served with notice of the State's appeal, he failed to file a timely answering brief, and an order was entered precluding such filing.
The State urges that the defendant knowingly waived his right to be represented by an attorney and alternatively, should it be found that he did not knowingly waive such right, the complaints should be remanded for trial with appropriate representation.
We affirm the Law Division's finding that the record was inadequate to disclose a knowing waiver of counsel. We reverse the order of dismissal, and remand.

PROCEDURAL HISTORY
Lach received two summonses in Newton on February 1, 1984. The first charged driving while on the suspended list in violation of N.J.S.A. 39:3-40, and the second charged him with operating a vehicle without insurance in violation of N.J.S.A. 39:6B-2.
On February 3, 1984 he received another summons in Newton for driving while on the suspended list.
After a number of delays, partly arising out of Lach's request for time to secure counsel and partly by reason of State witness unavailability, all three cases were heard on July 17, 1984 in the Municipal Court of Newton. A motion for dismissal for failure to provide a speedy trial was rejected.
*469 Lach contended in subsequent proceedings that he was not advised that the court would consider appointing counsel until he received a letter several days following the hearing in Newton. Lach was found guilty and fines aggregating $2,350 were imposed, together with a one-day jail sentence and an 18 month revocation of license.
Defendant appealed to the Law Division pursuant to R. 3:23. There the court entered an order which found defendant guilty of the substantive offenses but remanded for a hearing limited to the question of whether defendant had been advised of his right to an attorney prior to trial. The Municipal Court of Newton sent Lach a letter which set a hearing for November 13, 1984, and asked Lach to appear and confirm his willingness to proceed to trial without legal counsel. For reasons which are not clear, the Law Division judge meanwhile transferred the Lach cases to his assignment judge, who directed that there should be a new trial on all three summonses. With the consent of the Prosecutor of Sussex County, the matters were remanded to be tried before a judge of the Sparta Municipal Court inasmuch as defendant had by then brought suit against the Newton Municipal Court judge in the United States District Court.
Subsequently, the assignment judge determined to specially assign a Law Division judge to hear and determine the matters in place of a municipal court judge. At this second municipal proceeding, Lach complained about tardy notification of his right to assigned counsel at his first municipal trial. He was advised by the trial judge that there had been a remand for a full trial on all three charges, and that he had a right to counsel. Lach protested that "If I have no court-appointed lawyer or someone I can have assistance to me, even in any condition, it's still against my rights."
In a dialogue with the trial judge, it appeared that Lach did receive a letter from the Municipal Court of Newton advising as to the procedure to follow when making an application for *470 appointed counsel. Lach contended that that letter referred to the earlier hearing and was not applicable to the hearing then about to commence.
The judge indicated that he was satisfied that Lach had been advised of his right to either privately retained counsel or assigned counsel if he could not afford private counsel, and determined to proceed with the trial. Lach was found guilty of the two driving while suspended charges, and not guilty on the driving without insurance charge.
At the subsequent appeal of the municipal court convictions under R. 3:23 the Law Division judge entered the order which is the subject of this appeal, reversing the convictions and dismissing the two underlying summonses.

THE STATE'S CONTENTIONS
The State does not argue that Lach had no right to counsel for the offenses charged (see R. 3:27-2; Rodriguez v. Rosenblatt, 58 N.J. 281 (1971)) but says he knowingly waived that right.
Upon careful review of the transcript, we are satisfied that although Lach was clearly aware that he had a right to counsel in a general sense, his waiver of that right was not demonstrated within the standards compelled by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and Rodriguez as more recently recognized and articulated by us in State v. Guerin, 208 N.J. Super. 527 (App.Div. 1986) and State v. Abbondanzo, 201 N.J. Super. 181 (App.Div. 1985). Here, there was not the "searching and painstaking inquiry"[1] necessary to decide that there was a knowing and competent waiver of counsel. For the inquiry to be complete, there must be an explanation by the judge of the "range of allowable punishments,"[2] possible defenses and circumstances in mitigation; *471 and the dangers and disadvantages inherent in defending oneself.[3]
If anything, Lach appears to have come closer to asking for appointed counsel rather than to having knowingly waived his right. Taken together with his claim that although he was employed, he could not afford counsel, the matter should not have proceeded without counsel merely because he did not respond to the initial municipal notice reflecting rights to appointed counsel.
Although these conclusions require that the two municipal convictions be reversed in order to assure defendant his full rights, such assurance does not require dismissal of the complaints. Defendant was not acquitted. As was done in Rodriguez, Guerin, and Abbondanzo, we reverse and remand for a new trial on both convictions. We include in this remand the following instructions:
(a) The matters must be tried before the municipal court or a Superior Court judge designated by the assignment judge to act as a municipal judge.
(b) Pursuant to R. 3:27-2, Lach shall be given the form prescribed by the Administrative Director for indigents, and if the court is satisfied that he is indigent, the court shall assign counsel to represent him.
(c) In the event that the court should conclude that Lach is not indigent, and an appearance by independent counsel has not been entered, the court shall assign counsel to Lach, and shall make appropriate provision for counsel's compensation by Lach in reasonable weekly installments consistent with his income.
(d) In the event Lach affirmatively asserts his intention to proceed without counsel, then, prior to so proceeding the court shall conduct a comprehensive inquiry and painstakingly caution *472 Lach, consistent with the guidelines set down in Guerin and Abbondanzo.
Reversed and remanded as above qualified.
NOTES
[1] See United States v. Welty, 674 F.2d 185 (3 Cir.1982).
[2] See Abbondanzo, 201 N.J. Super. at 185.
[3] See Guerin, 208 N.J. Super. at 533-535.