885 A.2d 429

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ANDREW DENNIS, DEFENDANT–APPELLANT.

Argued September 12, 2005—Decided October 27, 2005.

*John V. McDermott, Jr.*, Designated Counsel, argued the cause for appellant (*Yvonne Smith Segars*, Public Defender, attorney).

*Hillary K. Horton*, Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey*, Attorney General of New Jersey, attorney).

*Andrew Dennis* submitted supplemental letter briefs, pro se.

PER CURIAM.

Defendant and two co-defendants stole money from defendant's drug dealer, held the dealer's roommates at gunpoint, and shot the dealer twice to encourage him to divulge the location of more drug money. They were convicted of robbery, aggravated assault, burglary, criminal restraint, possession of a weapon for an unlawful purpose, unlawful possession of a weapon, and conspiracy.

Prior to defendant's trial, the Atlantic City Municipal Court conducted a probable cause hearing. Defendant was not represented by counsel and did not testify at the hearing. He conducted only minimal cross-examination of Detective Riegel, the only witness to testify. Defendant contends on appeal that his lack of representation at the hearing constitutes a violation of his Sixth Amendment rights and requires reversal of his conviction. The Appellate Division held that defendant was not entitled to counsel at his hearing because his right to counsel did not attach prior to indictment. The panel also held that there was no nexus between defendant's lack of representation and the validity of the charges against him, and that defendant's silence at the hearing provided no information that benefited the State in its prosecution. We granted certification. *State v. Dennis*, 182 *N.J.* 428, 866 *A.*2d 985 (2005).

Subsequent to our grant of certification, the State conceded that defendants have a right to counsel at probable cause hear-

ings. We agree with that concession. The Supreme Court held in *Coleman v. Alabama* that if a state grants preliminary hearings to defendants, it must appoint counsel to represent defendants at such hearings. 399 *U.S.* 1, 90 *S.Ct.* 1999, 26 *L.Ed.*2d 387 (1970). The New Jersey probable cause hearing is a preliminary hearing at which defendant should have been represented by counsel. In future such cases, therefore, counsel must be appointed to represent defendants.

In view of the State's concession, defendant argues that prejudice from this violation should be presumed under *United States v. Cronic*, 466 *U.S.* 648, 104 *S.Ct.* 2039, 80 *L.Ed.*2d 657 (1984). We will not presume prejudice in these circumstances and, instead, analyze the error in accordance with the harmless error standard. *Chapman v. California*, 386 *U.S.* 18, 23–24, 87 *S.Ct.* 824, 827–28, 17 *L.Ed.*2d 705, 710–11 (1967). Under *Chapman*, "[t]he question is whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction." *Ibid.* Applying that test, and after careful analysis of the record, we conclude that the error was harmless.

Defendant claims that the presence of counsel at his hearing "may have changed the course and outcome of the trial." We find that assertion to be general, conclusory, and unsupported by the record. It is unlikely that defense counsel, if present at the hearing, would have been able to persuade the judge not to bind defendant over to the grand jury. The trial testimony conflicted only slightly with the hearing testimony, and defense counsel could have discovered those inconsistencies from the hearing transcript. Further, the only witness at the hearing, Detective Riegel, testified and was cross-examined at trial; none of defendant's disclosures at the hearing were used against him at trial; and sufficient evidence existed to support defendant's indictment and conviction. Although defense counsel may have been able to discover more of the State's case at the hearing, we conclude that there is no evidence to support prejudice on this point.

Because the failure to appoint counsel was harmless error in the circumstances of this case, we affirm the Appellate Division.

*For affirmance*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.