**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0304-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD LYNCH,

    Defendant-Appellant.

_____

Argued November 8, 2017 — Decided August 16, 2018

Before Judges Yannotti and Leone.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Municipal Appeal
No. 020-15-16.

Richard Lynch, appellant, argued the cause pro
se.

Michael R. Philips, Assistant Prosecutor,
argued the cause for respondent (Gurbir S.
Grewal, Bergen County Prosecutor, attorney;
Mr. Philips, of counsel and on the brief).

PER CURIAM

    Defendant Richard Lynch appeals the August 8, 2016 order by the Law Division finding defendant guilty of traffic offenses upon de novo review of his Municipal Court conviction. We affirm.

The following facts appear in the Law Division's opinion and in the transcripts. On July 18, 2015, in the Borough of Rutherford, defendant make a left turn from Glen Road onto Park Avenue. Several signs at the intersection warned motorists that left turns from Glen Road onto Park Avenue were prohibited.

Officer Matthew Van Dyk saw defendant's Jeep making the left turn, and effectuated a motor vehicle stop. He asked defendant for his driver's license, registration, and insurance card. Defendant presented his driver's license and expired insurance card, but did not provide his registration, saying he had a copy at home. Van Dyk issued defendant a summons for making an illegal left turn in violation of Borough of Rutherford Municipal Ordinance § 126-51. That ordinance states in pertinent part: "No vehicle shall make a left turn at any of the following locations[:] . . . (18) Vehicles moving in a northwesterly direction along Glen Road shall not turn left at the intersection of Glen Road and Park Avenue." Borough of Rutherford Municipal Ordinance § 126-51(A). Van Dyk also issued a summons for failing to possess and exhibit his registration card in violation of N.J.S.A. 39:3-29, which N.J.S.A. 39:3-29 provides in pertinent part that "the registration certificate of a motor vehicle . . . shall be in the possession of the driver or operator at all times when he is in charge of a

motor vehicle," and that "the operator or driver of a motor vehicle . . . shall also exhibit the registration certificate, when requested so to do by a police officer."

At the December 10, 2015 trial before the Municipal Court, defendant was represented by his counsel Miles Feinstein, Esq. Defendant unsuccessfully moved for the judge to recuse himself. After hearing testimony from Officer Van Dyk and defendant, the judge convicted defendant of the two traffic violations.

Defendant appealed, seeking a trial de novo in the Law Division. See R. 3:23-8. Feinstein filed a brief on defendant's behalf, but after a disagreement defendant petitioned the court to proceed pro se. In a July 25, 2016 colloquy, defendant waived his right to counsel.

The Law Division held a trial de novo on August 8, 2016. The court convicted defendant of the two traffic violations. The court rejected defendant's argument that traffic cones near the curb on the right side superseded the posted signs because "the traffic cones were located adjacent to hash-marked 'no-parking' zones" to prevent parking, "not to redirect traffic." The court also rejected defendant's argument that it was sufficient that he was in constructive possession of his registration at his home. The court assessed $303 in fees and court costs.

Defendant appeals, arguing (as originally spelled):

POINT I - MUNICIPAL COURT DENIED DEFENDANT HIS RIGHT TO COUNSEL.

POINT II - THE MUNICIPAL COURT ENTERED A RULING BASED UPON HERASAY AND PRIVELDGED WRITTEN COMMUNICATION BETWEEN THE DEFENDANT AND HIS ATTORNY THAT WAS BROUGHT FORTH BY OPPOSING COUNSEL.

POINT III - THE MUNICIPAL COURT ENTERED A RULING BASED ON OPINION AND EVIDANCE NOT ARGUED OR BROUGHT FORTH BY THE STATE.

POINT IV - THE MUNICIPAL COURT SHOULD HAVE RECUSED ITSELF.

II.

Defendant first claims he was denied his right to counsel at a December 3, 2015 hearing in the Municipal Court. The State cites the rule that when a defendant appeals from Municipal Court to the Law Division, "[t]he appeal shall operate as a waiver of all defects in the record[.]" R. 3:23-8(c). However, we have held "the waiver does not apply in respect of defects of a constitutional or jurisdictional nature." State v. Ross, 189 N.J. Super. 67, 74 (App. Div. 1983); see, e.g., State v. Abbondanzo, 201 N.J. Super. 181, 184-85 and n.1 (App. Div. 1985) (considering a defendant's claim that he was deprived of his right to counsel because he represented himself in his Municipal Court trial, even though he was represented by counsel at his trial de novo in the Law Division). We will assume that Rule 3:23-8(c)'s waiver rule does not apply here.

Defendant filed a pro se subpoena duces tecum to the Rutherford Municipal Court Administrator, commanding her to appear to testify but not listing any documents for her to bring. The Borough attorney, on behalf of the Court Administrator, filed a motion to quash.

At the December 3, 2015 hearing on the motion to quash, the prosecutor was not present. Defendant said "I'm here without Miles Feinstein, he's having [a medical treatment] today, it was scheduled." The judge acknowledged that Feinstein had recently notified the judge that he was having a medical treatment that day in New York. The judge stated he had declined to adjourn the matter because "this is the last court session before the trial. This is the only opportunity this Court has to hear" the motion to quash the subpoena.

This exchange followed:

> THE COURT: Yes, Mr. Lynch you want to be heard?
>
> MR. LYNCH: All right, You Honor, now it was served actually about this —
>
> THE COURT: Okay, I wasn't really getting into the substance of it —
>
> MR. LYNCH: Okay.

The judge reported that Feinstein was notified by court staff that he either had to send an associate or colleague, or had to

send a written response for the judge to decide on the papers. The Borough attorney represented that Feinstein's office told him Feinstein was sending an associate, but the associate did not appear. The Borough attorney further represented that when he had called to ask why, Feinstein called back, stating "that he had an associate available, [and] was sending him today, but his client refused to have anyone but Mr. Feinstein appear today. So for that reason he advised the associate not to come."

This exchange followed:

> THE COURT: I see, okay. You want to be heard on that.
>
> MR. LYNCH: Well, then I guess we'll be heard on this — the — the matter.
>
> THE COURT: Well, no — no do you want to be heard on . . . that statement.

Defendant responded that he "hired Miles Feinstein," and that he sent Feinstein an email "that I wanted Miles," "I hired Miles and I would expect Miles to be here." Defendant said he "didn't get a response" to his email, so he did not know "that nobody was going to show up today." Hearing that, the judge accepted the Borough attorney's representations of his conversations with Feinstein and his office. The judge stated he would let defendant himself oppose the motion to quash.

Defendant said he had a tape he wanted to play of the Court Administrator discussing a change of venue.[1] He said he subpoenaed the Court Administrator to testify "how [the tickets] were processed and how they were generated and how they were sent to the county and how it was sent to the prosecutor's office." He alleged "these interactions have been malicious." He admitted he had not paid a fee for her to appear. He argued the motion to quash was served in an untimely way because it gave him less than seven days to respond, but the judge noted it was an emergent application and was not untimely.

The judge found that the subpoena duces tecum had to be quashed because: it did not request any documents; defendant did not pay the transportation fee for the witness; there was no basis to believe she had relevant knowledge; and the subpoena was unreasonable and oppressive.

On appeal, defendant now claims that the Municipal Court denied his right to counsel. However, as the Law Division noted, "neither defense counsel nor the defendant directly raised this issue at the motion to quash hearing, the recusal motion, the trial, or, in defendant's brief filed in th[e] appeal" to the Law Division, even when defendant was represented by counsel.

---

[1] The judge stated that the Assignment Judge issued an August 14, 2015 order "transferring venue to this court."

Defendant mentioned the December 3 hearing when he waived counsel in the Law Division on July 25, 2016. Steven Braun, Esq. appeared in Feinstein's stead and reported that defendant wanted to proceed pro se, and that Feinstein, who had not been paid, had no objection to being relieved. Defendant stated that Feinstein's brief in the Law Division was inadequate and that he would prefer to have Feinstein relieved as long as defendant was given two weeks to prepare, which the court granted.

The trial court conducted a thorough colloquy in which defendant stated that he went to college for two years, owned a towing and trucking company, "dabble[d]" in the law, had been a criminal defendant, had represented himself in a prosecution for driving while intoxicated and obtained an acquittal, and had represented himself successfully in federal bankruptcy court. Defendant said he understood the charges and the burden of proof, and knew he was bound by the rules of evidence and criminal procedure. Defendant voluntarily waived counsel despite the court's warning that it was a serious choice, that it would be far better to have counsel, that proceeding without counsel may impair his ability to defend himself, and that the court strongly urged him not to go pro se.

Representing himself at his trial in the Law Division, defendant again mentioned the December 3 hearing, but argued Braun

should not have been allowed to appear in Feinstein's stead, and that he had no interest in being represented by anyone but Feinstein. However, defendant again stated that Feinstein's brief was inadequate and questioned whether Feinstein was capable of representing him. Defendant then argued he was denied his right to private counsel because the Municipal Court instructed Feinstein to send another attorney in Feinstein's absence, and therefore he had no choice but to defend himself.

Under these circumstances, the Law Division concluded that defendant had to show plain error under Rule 2:10-2. We agree. See State v. Hannah, 448 N.J. Super. 78, 92-93 (App. Div. 2016); State v. Avena, 281 N.J. Super. 327, 334 (App. Div. 1995); see also N.J. Div. of Youth & Family Servs. v. B.H., 391 N.J. Super. 322, 343, 351 (App. Div. 2007). He failed to show plain error.

Defendant first argues that the Municipal Court erred in moving forward on December 3 because he should not be liable for Feinstein not adhering to the judge's instruction to send a substitute counsel. However, the judge found that Feinstein did try to send counsel to represent defendant but defendant refused to be represented by anyone but Feinstein. That finding was supported not only by Feinstein's statements to the Borough attorney but also by defendant's own statements to the judge that he hired Feinstein and would accept representation only by

Feinstein. That finding was subsequently corroborated by defendant's belated but vehement objection to the counsel sent by Feinstein appearing at the Law Division hearing at which defendant waived counsel. Even in his brief before us, defendant argues that "had Mr. Feinstein elected to send a substitute attorney, the retainer agreement Mr. Feinstein had with the defendant would not support an unnamed colleague."

Defendant quotes Rule 1:11-2(a)(3) that "[i]n a criminal action, no substitution shall be permitted unless the withdrawing attorney has provided the court with a document certifying that he or she has provided the substituting attorney with the discovery that he or she has received from the prosecutor." However, Feinstein was not withdrawing from being defendant's counsel, nor was the counsel he attempting to send a "substituting attorney," which refers to an attorney permanently replacing a withdrawing attorney. See R. 1:11-2(a)(2), (3). Feinstein was sending the attorney only to cover a hearing when Feinstein was temporarily unavailable but was continuing to represent defendant.

Citing Rule 1:2-4(a), defendant argues that Feinstein "failed to give reasonable attention to the fact that his medical appointment conflicted with the Notice to Appear he received for December 3, 2015." However, as defendant admits, Feinstein sought an adjournment, which was denied by the judge, a ruling defendant

10

has not challenged. Moreover, the judge found Feinstein tried to send counsel to represent defendant. Thus, Feinstein had just excuse for his absence and gave "reasonable attention to the matter." R. 1:2-4(a).

Defendant rejected such representation by another counsel. Moreover, rather than protesting Feinstein's absence, defendant twice immediately began to discuss the merits of his pro se subpoena duces tecum. Those circumstances, and defendant's subsequent criticism of Feinstein's representation and his decision to proceed pro se after a thorough colloquy, belie his current contention he was forced to represent himself. See State v. Crisafi, 128 N.J. 499, 517-18 (1992) (holding a defendant's rejection of representation by trained counsel and proceeding pro se "can produce a valid waiver of counsel").

Nonetheless, defendant contends the judge erred by failing to conduct a colloquy under Crisafi and State v. Reddish, 181 N.J. 553 (2004). Such a colloquy is required for criminal defendants who have a Sixth Amendment right to counsel. Reddish, 181 N.J. at 587; Crisafi, 128 N.J. at 508-09. However, defendant had no constitutional right to assistance of counsel regarding these minor traffic offenses. State v. Smith, 408 N.J. Super. 484, 491 (App. Div. 2009). The penalty for each offense was limited to a $150 fine. N.J.S.A. 39:3-29; Borough of Rutherford Municipal

Ordinance § 126.65(B)(17).  A defendant has a right to assistance of counsel only where the penalties include imprisonment, license suspension, or aggregate monetary sanctions of $800 or greater. See Rodriquez v. Rosenblatt, 58 N.J. 281, 295 (1971); R. 7:3-2(b); Guidelines for Determination of Consequences of Magnitude, Pressler & Verniero, Current N.J. Court Rules, App. to Part VII to R. 7:3-2 at 2754 (2018).[2]

Courts have not required full Crisfali colloquies for defendants lacking such rights.  E.g., In re Adoption of J.E.V., 226 N.J. 90, 114 (2016) (defendants facing termination of parental rights); D.N. v. K.M., 429 N.J. Super. 592, 607-08 (App. Div. 2013) (defendants in domestic violence actions).  Moreover, defendant was not "proceed[ing] to trial without an attorney." Cf. R. 7:8-10.  Nor was he being deprived of "the right to counsel of choice" at his trial.  Cf. United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006); State v. Kates, 426 N.J. Super. 32, 51 (App. Div. 2012), aff'd o.b., 216 N.J. 393 (2014).

---

[2] In his reply brief, defendant contended "points" were charged against his driver's license, making it ineligible for commercial insurance coverage.  However, we are aware of no basis under which the Motor Vehicle Commission could assess points for these violations.  See N.J.A.C. 13:19-10.1.  Any actions of defendant's insurance company would be irrelevant to the consequences-of-magnitude inquiry.  In any event, we "decline to consider arguments raised for the first time in a reply brief."  Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015); see State v. Lenihan, 219 N.J. 251, 265 (2014).

Rather, defendant's counsel of choice, who represented him at trial, was simply absent from a brief, inconsequential hearing. The absence of counsel does not "require[] reversal of the conviction, no matter how brief the deprivation or how trivial the proceedings that occurred during the period of deprivation." Gibbons v. Savage, 555 F.3d 112, 120 (2d Cir. 2009); see United States v. Roy, 855 F.3d 1133, 1150-51 (11th Cir. 2017); see also United States v. Gordon, 710 F.3d 1124, 1139 n.19 (10th Cir. 2013).

In any event, we agree with the Law Division that defendant has not shown that any error was "clearly capable of producing an unjust result." R. 2:10-2. The only topic of the December 3 hearing was defendant's pro se subpoena duces tecum, which failed to seek any documents and failed to tender the required fee for the witness's appearance. See R. 1:9-2, 1:9-3. Defendant was unable to offer a valid reason why he sent the subpoena to the Court Administrator. Defendant's assertion that the Court Administrator could testify about how tickets were processed and copied to various agencies "was wholly irrelevant to the motor vehicle offenses," as the Law Division found. The Municipal Court properly quashed the subpoena as "unreasonable [and] oppressive." R. 1:9-2.

Given that defendant's subpoena was pro se and meritless, the hearing concerned a motion by the subpoenaed person rather than

the state, and the prosecutor was not present, the hearing was not a "'critical stage'" of a prosecution where "the substantial rights of the accused may be affected." State v. A.O., 198 N.J. 69, 82 (2009). In any event, even if a defendant has a right to assistance of counsel, the counsel is temporarily absent from a critical stage, and the defendant objects, New Jersey courts do "not presume prejudice" from the temporary absence of counsel but, "instead, analyze the error in accordance with the harmless error standard." State v. Dennis, 185 N.J. 300, 302 (2005); see State v. Scherzer, 301 N.J. Super. 363, 454-59 (App. Div. 1997) (finding no prejudice from counsel's absence from parts of jury selection and trial).

Feinstein was absent from a hearing quashing a facially-improper pro se subpoena which sought irrelevant information. "It is unlikely that defense counsel, if present at the hearing, would have been able to persuade the judge not to" quash the subpoena. See Dennis, 185 N.J. at 302. Moreover, "[t]he presence of [defendant's] attorney would, beyond any doubt, have made no difference to the outcome of the trial." See Scherzer, 301 N.J. Super. at 457. Further, defendant was represented by counsel throughout his Municipal Court trial. See State ex rel. L.R., 382 N.J. Super. 605, 619-21 (App. Div. 2006) (finding the absence of counsel from an earlier hearing was harmless because he was represented by counsel at the later dispositive hearing); cf.

14                                                        A-0304-16T4

<u>Johnson v. United States</u>, 520 U.S. 461, 468-69 (1997) (distinguishing "a total deprivation of the right to counsel"); <u>J.E.V.</u>, 226 N.J. at 114-15 (reversing due to "a complete denial of counsel"); <u>Abbondanzo</u>, 201 N.J. Super. at 184 (reversing where the defendant was not represented at his Municipal Court trial). Thus, defendant cannot show plain error.

III.

Defendant now contends that at the December 3 hearing on the motion to quash, the Municipal Court improperly relied on the Borough attorney statements that "I learned today from Mr. Feinstein that the basis of [the subpoena] likely had to do with an opposition, or a concern or an issue with the change of venue," and that Feinstein said he tried to send an associate to the hearing but defendant said that was unacceptable, as related above.

Defendant contends Feinstein's statements were inadmissible hearsay because they were not a party's own statement or adopted by him under N.J.R.E. 803(b)(1) or (2). However, it is unclear that the Rules of Evidence apply to a proceeding about a subpoena. <u>See</u> N.J.R.E. 101(a)(2)(E) (relaxing the evidence rules in "proceedings to determine the admissibility of evidence"). Nor is it clear the rules which provide "[h]earsay is not admissible" apply to discussion between court and counsel on procedural matters where no evidence is being admitted. <u>See</u> N.J.R.E. 802.

15

Regardless, defendant's statements to Feinstein were a party's own statements, and Feinstein's statements as defendant's counsel were statements by a party's authorized representative or agent. N.J.R.E. 803(b)(1), (3), (4); see State v. Mauti, 448 N.J. Super. 275, 330-32 (App. Div. 2017); Howard Sav. Bank v. Liberty Mut. Ins. Co., 285 N.J. Super. 491, 497 (App. Div. 1995). Moreover, Feinstein's statements concerned "the management of the litigation," a topic on which counsel's statements are clearly admissible. 4 Wigmore, Evidence § 1063(1) (Chadbourne rev. 1972); Dumont v. Dinallo, 4 N.J. Super. 371, 375 (App. Div. 1949); see McCormick on Evidence § 259 at 286-87 (7th ed. 2013).

Defendant also claims his email to Feinstein was privileged. "For a communication to be privileged it must initially be expressed by an individual in his capacity as a client in conjunction with seeking or receiving legal advice from the attorney in his capacity as such, with the expectation that its content remain confidential." Fellerman v. Bradley, 99 N.J. 493, 499 (1985); see N.J.R.E. 504(a). Here, the only identified statement by defendant to Feinstein was defendant's refusal to accept another attorney. That was not a communication "in which legal advice is sought." Hedden v. Kean Univ., 434 N.J. Super. 1, 10 (App. Div. 2013).

In any event, defendant did not object in the Municipal Court to the Borough attorney's relation of Feinstein's statements, and must show plain error. He cannot do so, as he told the judge he sent an email to Feinstein stating he had hired Feinstein and wanted Feinstein. Defendant also told the judge his pro se subpoena was intended to obtain the County Administrator's testimony on how tickets were processed and where they were sent. The judge rejected defendant's stated purpose for the subpoena as having "nothing to do with the case." Because defendant's statements to the judge provided ample basis for the judge's actions, defendant cannot show the Borough attorney's repetition of Feinstein's statements was "clearly capable of producing an unjust result." R. 2:10-2.

IV.

Defendant now complains that the Municipal Court erred in relying on a photograph he admitted at trial. During defendant's testimony, he introduced through counsel several photos of Glen Road's intersection with Park Avenue. Defendant testified he took the photos on the day he made the left turn to show the traffic cones. Defendant got the photos admitted into evidence. In issuing his decision, the judge stated: "What wasn't mentioned by anyone and it's very apparent on D-13 is that right at this intersection on Glen, going on - going to Park there's a huge

white arrow painted on the ground. Right turn - it doesn't say right turn only, it's pointed in the right direction, only."

Defendant claims the Municipal Court erred in referencing the right-turn arrow on the pavement because the arrow was not discussed in testimony. However, there was no error because the photo clearly depicted the arrow, defendant testified the photo accurately represented the scene at the time of his left turn, and the photo had been admitted into evidence without limitation.

Moreover, any error was invited by defendant, who introduced the photo for the judge's consideration. Under the invited-error doctrine, "trial errors that '"were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal."'" State v. A.R., 213 N.J. 542, 561-62 (2013) (citations omitted) (finding invited error when the defendant encouraged the factfinder to watch a video); N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 341 (2010) (finding invited error where the "defendant consented to the admission of the relevant documents").

In any event, the Law Division made no reference to the right-turn arrow in reaching its decision. The court could rely on defendant's own testimony that he was aware of the signs prohibiting left turns, and that he knew left turns were prohibited. See State v. Kashi, 360 N.J. Super. 538, 545 (App.

18

Div. 2003) (citation omitted) (upholding a traffic conviction for which the Law Division gave a different basis than the Municipal Court), aff'd o.b., 180 N.J. 45, 47-48 (2004).

"[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Palma, 219 N.J. 584, 591-92 (2014) (citations omitted). "For that reason, we [need] not consider defendant's arguments in respect of the municipal court judge's actions." Ibid.; see Hannah, 448 N.J. Super. at 93-94.

V.

Defendant finally claims the Municipal Court judge should have granted his motion for the judge's recusal at the beginning of the December 10, 2015 trial. Motions for recusal "are entrusted to the sound discretion of the judge and are subject to review for abuse of discretion." State v. McCabe, 201 N.J. 34, 45 (2010). We must hew to that standard of review. "[T]he mere appearance of bias may require disqualification. However, before the court may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." State v. Marshall, 148 N.J. 89, 279 (1997) (citation omitted); see R. 1.12-1(g); Code of Judicial Conduct, Canons 2, 3.17, Pressler & Verniero, Current N.J. Court Rules, App. to Pt. I (2018). "The proper standard to assess defendant's request for

recusal is set forth in DeNike v. Cupo, 196 N.J. 502, 517 (2008): 'Would a reasonable, fully informed person have doubts about the judge's impartiality?'" State v. Dalal, 221 N.J. 601, 606 (2015).

Defendant argues that the judge should have recused himself because he had heard two prior cases involving defendant, one of which involved the unlawful sale of a boat. The judge stated: "I didn't even remember that I had [defendant] in front of me, until [counsel] said it earlier today." Defendant raised "a second case involving his son's maternal grandmother," but the judge said he did not remember it, and counsel noted the judge had found in defendant's favor. The judge denied the motion, explaining:

> I don't have any recollection of the cases that — you are telling me about now. I remember something about a boat, but I didn't know that that involved [defendant] until [counsel] just recited it. So I have no knowledge of any prior matters that would cause me not to be able to hear this case . . . in a just way.

Defendant's recusal claim was properly rejected. Even "[a]n adverse ruling in prior proceedings does not warrant disqualification." Marshall, 148 N.J. at 276; see Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008) ("Bias cannot be inferred from adverse rulings against a party."). Further, "[a]n error by the court in the previous proceeding does not necessarily justify an inference of bias and will not, by itself,

furnish a ground for disqualification."  Marshall, 148 N.J. at 276.  As the Law Division found, "no fully informed person would question [the Municipal Court judge's] impartiality."

In any event, "[a]t a trial de novo, the [Law Division] makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings."  State v. Robertson, 228 N.J. 138, 147 (2017).  The Municipal Court made no credibility findings because the testimony of Officer Van Dyk and defendant were "very consistent."  As the Law Division found, "credibility was not at issue."  Thus, the Law Division "consider[ed] the matter anew," State v. Kashi, 180 N.J. 45, 48 (2004), so defendant's claim against the Municipal Court judge cannot invalidate the Law Division's decision.

Defendant's remaining claims lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0304-16T4