**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5585-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDWIN MCGOLDRICK,

    Defendant-Appellant.

_____

Submitted October 31, 2019 – Decided January 15, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 17-03-0178.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the briefs).

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Jonathan I. Amira, Assistant Prosecutor, on the brief).

PER CURIAM

In a single-count indictment, a grand jury charged defendant, Edwin McGoldrick, with violating N.J.S.A. 2C:40-26(b), the fourth-degree crime of driving while one's license is suspended for a second or subsequent driving-while-intoxicated (DWI) or refusal-to-submit-to-a-chemical-breath-test offense. A petit jury found defendant guilty as charged, following which the trial judge tried and convicted defendant of several related motor vehicle offenses, including DWI, N.J.S.A. 39:4-50.

For defendant's fourth-degree crime, the judge sentenced him to serve 365 days in jail, with 180 days of parole ineligibility. For the DWI, the judge sentenced defendant to a consecutive 180-day jail term. The judge also suspended defendant's driving privileges for ten years, ordered him to spend forty-eight hours in an intoxicated driver resource center, and imposed appropriate fines, penalties, and surcharges.

On appeal, defendant makes one argument:

> THE TRIAL COURT ERRED IN ADMITTING A HEARSAY STATEMENT THAT THE ORIGINAL CALL TO THE SCENE WAS FOR AN INTOXICATED DRIVER INVOLVED IN A CRASH. THAT TESTIMONY WAS IRREL[E]VANT AND/OR HIGHLY PREJUDICIAL AND IMPROPER HEARSAY TESTIMONY. U.S. CONST. AMENDS. V, VI, AND XIV; N.J. CONST. ART. I, PAR. 9, 10. U.S. CONST. AMENDS. V, VI, AND XIV; N.J. CONST. ART. I, PAR. 9,10.

We agree the trial court erred by admitting unduly prejudicial hearsay evidence and thus reverse.

On the morning the trial started, before jury selection, counsel and the court discussed the assistant prosecutor's intention to elicit from the arresting officer testimony that defendant had an odor of alcohol on his breath. In view of stipulations that narrowed the factual disputes to one, namely, whether defendant was driving, the court precluded the prosecutor from doing so. The court and counsel agreed the assistant prosecutor would "lead" the officer through his testimony about approaching defendant. According to the court, leading the officer through testimony and avoiding a reference to alcohol would be "cleaner."

During trial of the indictable offense, the State presented one witness, Washington Township Police Officer Ryan Kelly. Defendant also presented one witness, his wife. The parties stipulated that on September 5, 2016, "defendant's New Jersey driver's license was suspended . . . and/or revoked for a second or subsequent violation of driving while intoxicated or refusal to submit to a chemical breath test and . . . defendant knew his license was suspended or revoked."

3

Officer Kelly, a patrolman when he arrested defendant, now a detective, testified that while on patrol at approximately 9:00 p.m. on September 5, 2016, he was dispatched to an accident scene. Specifically, he said:

> I was dispatched to a crash. An off-duty officer was there. I didn't get his name. I think he left before I got there. But the original call was there was an intoxicated male that was stuck off the road after he crashed his car.

Defendant objected to this testimony. The attorneys had a sidebar discussion with the court. The record states, "[s]idebar discussion, not audible." Following the sidebar discussion, the judge said and did nothing. The judge gave no curative instruction following the sidebar conference, nor did he give a curative instruction when he charged the jurors before they began to deliberate.

Upon arrival at the accident scene, Kelly observed a single vehicle "wedged up on the side of the road," its passenger-side tires flat and "ground into the curb" or stuck. The driver's door was open. Defendant was "leaning back into the corner of the open driver's door." No one else was present. Kelly estimated that he had arrived within five minutes of receiving the dispatch.

According to Kelly, he approached defendant, who said, "I just made a wide left turn. Why are you making a big deal about this? I -- I just missed the curb." After learning defendant had a suspended license, Kelly placed him under arrest.

4

Defendant's wife testified she was the car's driver, not defendant. Earlier that evening, her daughters had come to her house to wish her a happy birthday, which was the next day. Because she had to work the following morning, she did not drink that evening.

During the evening, defendant, who was drinking, was unkind and obnoxious, belittling her and calling her derogatory names. Around 8:00 p.m., defendant said he wanted cigarettes. His wife said she would get them, and she headed for the Toyota Camry they jointly leased. Defendant followed her and asked to come along, promising to "be good," and he sat in the passenger seat. Not long after leaving their development, defendant began calling his wife names. As he taunted her, she saw a skunk in the road, made a wide turn to avoid it, and crashed into the curb. Furious with defendant and upset she had wrecked the car, defendant's wife threw the car keys at him, told him to handle the situation, ran "about two miles down the road," walked the rest of the way to her home, and went to bed.

The next day defendant told his wife he had been arrested. Because she was angry and "wanted him to squirm for a while," she did not talk with police, and waited until July 2017, roughly four months after defendant's indictment, to tell her husband's investigator she was the driver. She claimed to have had a

"change of heart" because she felt it was wrong to let her husband "get in trouble for this."

The jury disbelieved defendant's wife and found him guilty on the sole count of the indictment. Defendant appealed.

On appeal, defendant argues the trial court improperly permitted the jury to consider Kelly's testimony about the content of the call that resulted in his being dispatched to the accident scene. Defendant asserts the hearsay statement from the unidentified caller was unduly prejudicial for several reasons. First, the hearsay statement that the driver was intoxicated was not relevant to the issue the jury was to decide, namely, whether defendant was driving. Next, the hearsay statement established the one disputed issue in the case, operation, and thus unfairly bolstered the State's case through a witness defendant could not cross-examine. Defendant adds that the hearsay statement violated the court's pretrial ruling prohibiting the State from introducing evidence of alcohol. Last, the statement implied an unnamed off-duty police officer had information defendant had been operating the crashed vehicle. Defendant contends the trial court compounded the prejudice by not giving either a prompt curative instruction or a curative instruction during its general charge to the jury.

6

In response, the State argues the testimony constituted "admissible hearsay because although made by an unknown declarant, it simply described why Officer Kelly responded to the scene, and only for that purpose." The State also argues one can infer from the off-the-record sidebar following defendant's objection that the court ruled the statement admissible. The State asserts the trial court did not abuse its discretion in doing so. The State also asserts the hearsay statement did not imply defendant was intoxicated. Although conceding Officer Kelly's testimony "assisted in proving the defendant's guilt," the State insists "independent evidence established credibility and reliability."

Appellate review of a trial court's evidentiary determinations is limited to examining such decisions for an abuse of discretion. Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008). The reviewing court may not "create anew the record on which the trial court's admissibility determination was based." Ibid. Generally, a trial court's evidentiary determinations are given considerable latitude and will not be disturbed unless the decision was so "wide of the mark that a manifest denial of justice resulted." State v. Kuropchak, 221 N.J. 368, 385-86 (2015) (quoting State v. Marrero, 148 N.J. 469, 484 (1997)). If the trial court has made "a clear error in judgment" which constitutes an abuse of discretion, the

appellate court "must then determine whether any error found is harmless or requires reversal." State v. Prall, 231 N.J. 567, 580-81 (2018).

Here, admission of the hearsay statement was erroneous and requires reversal. The State concedes the statement of the unknown caller was hearsay. "Hearsay is not admissible except as provided by [the New Jersey Rules of Evidence] or by other law." N.J.R.E. 802. The hearsay exclusionary rule is particularly important in a criminal case where the right of a criminal defendant to confront witnesses is grounded in federal and state constitutional law. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. "The Confrontation Clause generally prohibits the use of out-of-court testimonial statements by an absent witness who has not been subject to cross-examination." State v. Roach, 219 N.J. 58, 85 (2014) (Albin, J., dissenting) (citing Crawford v. Washington, 541 U.S. 36, 51 (2004)).

Thus, though "witnesses may testify that they took certain investigative steps based 'upon information received[,]' . . . [t]hey cannot repeat specific details about a crime relayed to them by a radio transmission or another person without running afoul of the hearsay rule." State v. Luna, 193 N.J. 202, 217 (2007) (citing State v. Bankston, 63 N.J. 263, 268-69 (1973)). Moreover, an officer "may not imply to the jury that he possesses superior knowledge, outside

the record, that incriminates the defendant." State v. Branch, 182 N.J. 338, 351 (2005). Such hearsay testimony will be disallowed "[w]hen the logical implication to be drawn from the testimony leads the jury to believe that a non-testifying witness has given the police evidence of the accused's guilt." Bankston, 63 N.J. at 271.

Kelly's testimony concerning the unidentified caller's hearsay statement violated these well-established prohibitions, so we must determine whether they were harmless error. See Prall, 231 N.J. at 581. Under the harmless error standard, "[t]he question is whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction." State v. Dennis, 185 N.J. 300, 302 (2005) (quoting Chapman v. California, 386 U.S. 18, 23-24 (1967)). Here, such a reasonable possibility exists.

The hearsay statement defendant was intoxicated was prejudicial. The trial court's pretrial ruling excluding the mention of alcohol on defendant's breath demonstrated the court's opinion that any probative value associated with defendant having consumed alcohol was substantially outweighed by the risk of undue prejudice or other countervailing factors. See N.J.R.E. 403. Despite the court's ruling and the assistant prosecutor's agreement not to elicit such

testimony, the officer provided hearsay evidence not merely of alcohol on defendant's breath, but of defendant's intoxication.

Of greater significance, concerning the sole element at issue, operation, the outcome of the trial turned on whether the jury believed Kelly or defendant's wife. This turned out not to be an easy task for the jury, as the jurors requested to have the testimony of each witness replayed in its entirety.

Perhaps of greatest significance, the court provided no limiting instruction. For that reason, even if, as the State suggests, the statement was admissible for the limited purpose of demonstrating why the officer responded to the accident scene, the jury did not know that and could have considered it for the truth of its content. The content established the single disputed issue in the case, whether defendant or his wife was operating the Camry.

In short, the hearsay statement of the unidentified caller should not have been admitted, was not harmless, and requires reversal. Hence, we reverse and vacate the judgment of conviction in its entirety, defendant's conviction of the motor vehicle offenses having been predicated in part upon the jury's verdict.

Reversed and remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5585-17T2